BLAIR v. LEWIS *et al.*

No. 7444.   Opinion Filed May 16, 1916.

(157 Pac. 905.)

**TRIAL—Questions of Fact—Submission to Jury.** Where the evidence presents an issue of fact, whether clear or obscure, it is the duty of the court to submit such issue to the jury for its determination.

(Syllabus by Bleakmore, C.)

*Error from District Court, Kiowa County;*
*James R. Tolbert, Judge.*

Action by W. P. Lewis and another, partners doing business under the firm name of W. P. Lewis & Son,

against W. W. Blair. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

*Keys & Keys,* for defendants in error.

Opinion by BLEAKMORE, C. This action was commenced in the district court of Kiowa county by defendants in error, as plaintiffs, against W. W. Blair, to recover the purchase price of a windmill and to foreclose a materialman's lien. Defendant answered, alleging that plaintiff had warranted the windmill to be first-class in every particular, and undertook to install the same with all attachments in good working order, and that there was a breach of said warranty, in that the mill was defective and failed to properly perform its functions, etc. There was trial to a jury. At the close of the evidence the court discharged the jury, made a general finding for plaintiffs, and rendered judgment accordingly.

The evidence is somewhat conflicting as to whether the windmill was in fact defective. In this regard defendant testified:

"They went to work and erected the mill, and they put it up. What was the result? The result was it never did work. * * * The valve—well, just to tell you, gentlemen, it wasn't worth putting into the water. * * * We had to pump the water—that cut-off not being properly up in working shape. I don't know. I'm no machinist; but it didn't work, anyhow."

In *State Bank of Westfield v. Kiser et al.,* 46 Okla. 180, 148 Pac. 685, it is said:

"If there is any evidence offered which raises an issue of fact for the consideration of the jury, the court should, under proper instructions, submit such issue to them for their determination. It is not the policy of the

law, in jury trials, that the court shall invade the province of the jury, and weigh the evidence and determine the facts, but that all issues of fact, whether they be clear or obscure, shall be submitted to the jury."

In the instant case there was an issue of fact presented by the evidence, properly determinable by the jury; and the court, therefore, erred in refusing defendant the r'ght to have such issues so considered and determined.

The judgment should therefore be reversed, and the cause remanded.

By the Court: It is so ordered.