### EMERSON v. CHAPMAN, Jr.

No. 17916. Opinion Filed Sept. 10, 1929.

Rehearing Denied Oct. 1, 1929.

A. J. Biddison, Harry Campbell, and John H. Cantrell, for plaintiff in error.

Davidson & Williams, for defendant in error.

CLARK, J. This case presents error from the district court of Tulsa county, wherein plaintiff in error was defendant below and defendant in error was plaintiff below. For convenience the parties will be referred to as they appeared in the trial court.

Plaintiff brought this action against the defendant for damages. A trial was had to the jury, with a verdict for the plaintiff, and the court entered judgment for plaintiff on said verdict. Defendant filed a motion for new trial, which was overruled, and in due time brought this cause here for review. Defendant's petition in error presents 22 assignments of error.

The evidence discloses that Alvin L. Chapman, Jr., had a broken collar bone and was being treated by the defendant, Arthur V. Emerson, who was a physician and surgeon. After several days' treatment the defendant advised the parents of Alvin L. Chapman, Jr., who was a child at that time about four or five years old, that for the proper treatment of this child it was necessary to perform an operation; that the collar bone should be tied and the child's body placed in a cast. Arrangements were made by the defendant to perform this operation at the Morningside Hospital in Tulsa. On the morning designated by defendant the father and son came to the hospital and the son was given a room. Dr. Emerson and Dr. Geissler were present.

The evidence discloses that in the former treatment of this child his arm had been fastened to his body by adhesive tape. After the boy was put on the operating table and had been given an anaesthetic, Dr. Emerson ordered the nurse, who was present in the operating room and assisting in the operation, to remove the bandages and adhesive tape and clean the body. This was done with some kind of fluid. After the operation was performed and the plaster cast was put on the boy, a portion of the boy's back below

the cast showed to have been burned. Dr. Emerson remarked: "Oh, his back is blistered," and he instructed one of the nurses to put a dressing on it.

It later developed when the cast was cut away that the boy's back was burned from the shoulder blades down to the small of the back, and that the child's back was in a raw condition. It was three or four weeks before the burn entirely healed over.

The burn was very painful and at the time of the trial scars were still visible upon the back of the child.

The evidence further discloses that before the boy was placed under the anaesthetic, and before the fluid was applied to his back and said adhesive tape was removed, his skin was in good condition, and that immediately thereafter he was burned and blistered. The nurse or nurses who removed the adhesive tape and applied the fluid to the boy's back were employees of the hospital, but the record further discloses that they were under the immediate direction of the defendant at the time the fluid which caused the burn was applied.

It is the contention of the defendant, plaintiff in error, that the evidence is insufficient to prove negligence or lack of skill on the part of the defendant for the reason that he did not personally remove the adhesive tape from the patient's back and side. Many cases are cited by plaintiff in error, none of which are directly in point. In this case the adhesive tape was removed after the patient was under the anaesthetic. He was then on the operating table for the purpose of an operation. The adhesive tape was removed under the immediate direction of the defendant, who had control at that time of the operation. It was his duty in using the nurses furnished by the hospital to see that every act necessary for the operation under his immediate supervision and control was properly performed. If this nurse was not under the direction and control of the defendant, he was not liable for her acts. Can it be said that she was acting independently or that she was under the control and employ of the father of this child, who was present but knew nothing about the operation or what was necessary to prepare the patient for the operation? No. The nurse was under the immediate control of the defendant and removed the adhesive tape at the direction and upon the request of the defendant. He had undertaken to perform this operation, and the removal of the adhesive tape and the preparing of the body for the operation was done under his direction, and no doubt was necessary or it would not have been done.

This court in the case of Aderhold v. Bishop, 94 Okla. 203, 221 Pac. 752, had this particular question before it, and in the first paragraph of the syllabus says:

"Where a patient engages the services of a firm of surgeons to perform a surgical operation for the removal of a goiter, and goes to an incorporated hospital, owned and operated exclusively by the operating surgeons, for the operation, and where during the operation the services of a head nurse of the hospital and a general employee of the hospital are used by the operating surgeon in the performance of the operation, such operating surgeons are liable to the patient for any negligent act of such head nurse in respect of the services performed by her and made use of by the operating surgeons in the performance of the operation."

In this case the question of liability of a surgeon for the negligent acts of a nurse under his immediate supervision and control is discussed at length, and we feel that the law announced in Aderhold v. Bishop, supra, is sound and should be followed by this court.

Defendant contends that the court committed error in giving certain instructions and refusing others. The instructions given fairly stated the law, and, taken as a whole, no error was committed in giving the same.

An examination of the entire record shows that the defendant had a fair trial, that the law of the case was properly presented. The verdict of the jury is not excessive, nor unreasonable, and the judgment of the trial court approving the same should be, and is, affirmed.

MASON, C. J., LESTER, V. C. J., and HUNT, RILEY, HEFNER, CULLISON, and ANDREWS, JJ., concur. SWINDALL, J., absent.