## RANDOLPH v. OKLAHOMA CITY GENERAL HOSPITAL.

No. 27143.    May 18, 1937.

Rehearing Denied June 15, 1937.

Application for Leave to File Second Petition for Rehearing Denied
Sept. 28, 1937.

Falkenstine & Fisher and Stuart, Bell & Ledbetter, for plaintiff in error.

Thos. H. Owen and Bower Broaddus, for defendant in error.

BAYLESS, V. C. J.    Arden Randolph, plaintiff in error, brought this action in the district court of Oklahoma county, against the Oklahoma City General Hospital, a corporation, defendant in error. The parties will be referred to as plaintiff and defendant.

The case was tried to a jury, and when both sides rested, the defendant moved for an instructed verdict, which was granted, and the plaintiff appeals, alleging that the trial court erred in instructing the jury to return a verdict for the defendant; and the court erred in overruling plaintiff's motion for a new trial.

Plaintiff was in defendant hospital, where he underwent an operation by a doctor of his own choice who was not connected with the hospital. The defendant furnished supplies, nurses, operating room, and board. After the operation the plaintiff was at the point of death for about two hours, during which time his doctor retained immediate supervision of treatment, in plaintiff's room. In the treatment given plaintiff he was severely burned by hot water bottles. The plaintiff contended that the defendant was liable because the nurses attending him and assisting his doctor were negligent in furnishing hot water bottles that were too hot; and carelessly placed them on plaintiff in such a manner that they burned him.

Much space is given to the discussion of whether the nurses were the servants of the defendant hospital or the servants of the doctor, and when we have completed our discussion of that question, we will have disposed of this appeal.

We find from an examination of the record, the uncontradicted testimony of

514

plaintiff's doctor is that he personally placed the hot water bottles on the plaintiff; that he ordered them as hot 'as they were; that he ordered the nurses to leave the bottles alone until he further directed; and that he was in the room practically all of the time the bottles were on the plaintiff.

With those facts in mind let us direct our attention to the decision of this court in the case of Aderhold v. Bishop, 94 Okla. 203, 206, 221 P. 752, 754, wherein it was stated:

"In the instant case the plaintiff went to the El Reno Sanitarium for an operation. The operating surgeons, the defendants in this case, went there to perform the operation. In the performance of the operation, the hospital permitted and the surgeons consented to use its general employees to assist the surgeons in the performance of the operation. While the head nurse and her assistants were the general employees of the El Reno Sanitarium, they were. nevertheless, during the time required for the actual operation, under the direction and supervision of the operating surgeons and were the servants of the operating surgeons in respect to such services as were rendered by them in the performance of the operation, and for any negligence on the part of such employees in the performance of such services, the operating surgeons are liable."

Also, in the case of Emerson v. Chapman, Jr., 138 Okla. 270, 280 P. 820, it was said:

"* * * Such surgeon is liable to the patient for any negligent act of the nurse or nurses while said nurse or nurses are under the immediate supervision and control of the operating surgeon."

Also see Denton v. Yazoo & Miss. Valley R. R. Co., 284 U. S. 305, 76 L. Ed. 310; Aderhold v. Stewart, 172 Okla. 72, 46 P. (2d) 340, and many other cases. Thus we see that even though the nurse was in the general employ of the hospital, she was the immediate servant of plaintiff's doctor, and that so long as she was under the doctor's immediate supervision the hospital was not responsible for her actions.

The trial court did not err in directing a verdict for defendant, since the law was properly applied.

Judgment affirmed.

OSBORN, C. J., and WELCH, GIBSON, and HURST, JJ., concur. CORN, J., dissents. RILEY, BUSBY, and PHELPS, JJ., absent.