HULL v. ENID GENERAL HOSPITAL FOUNDATION.

No. 31459. Oct. 24, 1944.

*152 P. 2d 693.*

O. B. Martin, of Blackwell, for plaintiff in error.

Simons, McKnight, Simons, Mitchell & McKnight, of Enid, for defendant in error.

HURST, J. The plaintiff, Wallace B. Hull, sued the defendant, Enid General Hospital Foundation, a corporation, for personal injuries sustained when he was burned while receiving X-ray treatments in the defendant hospital. At the close of the plaintiff's evidence the court sustained a demurrer thereto, and the plaintiff appeals. The plaintiff argues four propositions, but in view of the conclusion we have reached on the first proposition, it will be unnecessary to discuss the other three. The question presented by the first proposition is whether the hospital is liable in damages under the doctrine of respondeat superior.

The material facts developed by the plaintiff's evidence are as follows: The defendant operates a general hospital in Enid, and in connection with the hospital it operates an X-ray laboratory as a separate department. Mrs. Pearl Mahnke was, at the time of the alleged injury, technician in charge of the X-ray department. Miss Mae Lindell was her assistant. The hospital as such did not administer X-ray treatments. It furnished the room, the equipment and the two technicians. The treatments were administered by Mrs. Mahnke and Miss Lindell as technicians under the direction of physicians. Several physicians in Enid and the surrounding cities used said facilities in giving X-ray treatments. The physician giving the X-ray treatments fixed the fee to be paid by the patient, and the fee was divided between the physician and the X-ray department. The fee was either paid to the physician or to the X-ray department and then divided. Where only one physician was on the case the fee was divided equally. But where, as here, two physicians were on the case the fee was divided equally three ways.

In February, 1940, while he was employed by the Gulf Oil Corporation, the plaintiff sustained an accidental injury. As the result of said injury, a cancerous condition developed in his right testicle. Dr. F. A. Hudson of Enid removed the testicle, and in order to cure the cancerous condition he recommended that X-ray treatments be administered. Dr. George Miles, who had his office in the portion of the hospital occupied by the Enid Clinic, but who was not in the employ of the hospital, at the suggestion of Dr. Hudson, was employed by the plaintiff to administer the X-ray treatments. All arrangements for the X-ray treatments were made by plaintiff with Dr. Miles. Neither those in charge of the defendant hospital nor those in charge of the X-ray department were consulted in regard thereto. The Enid Clinic pays rent on the office space occupied by it in the hospital building. Several physicians have their offices in such space. Dr. Miles used the X-ray facilities of the defendant hospital, and Mrs. Mahnke and Miss Lindell assisted him in administering the treatments. Dr. Miles always placed plaintiff in position for the treatments and gave directions as to the strength of the radiation and the length of time each treatment was to be continued. Mrs. Mahnke and Miss Lindell followed the

directions of Dr. Miles. They did not exercise any independent judgment in administering the treatments. For the 19 X-ray treatments so administered the plaintiff paid the hospital $100. One third of said sum was paid to Dr. Hudson, one-third to Dr. Miles and one-third was retained by the X-ray department of the hospital. Out of the funds to the credit of the X-ray department the hospital paid the expenses of maintaining the X-ray department, including the salaries of the two technicians in charge.

As the result of the X-ray treatments, the plaintiff was severely burned. He took other X-ray treatments in Tulsa and was treated by physicians in Oklahoma City. The cancerous condition was cured. The basis of the plaintiff's action is that, in administering the X-ray treatments in the defendant's hospital, Dr. Miles and the two technicians were negligent in several respects in treating respondent, resulting in the burns of which complaint is made.

The decisive question is whether, under the doctrine of respondeat superior, the defendant hospital is liable in damages for the negligence, if any, of Dr. Miles and the two X-ray technicians who administered the treatments to him, and whether the plaintiff's evidence is sufficient to justify the submission of that question to the jury.

The plaintiff argues that under the evidence the court should have submitted to the jury the question as to whether Dr. Miles, Mrs. Mahnke and Miss Lindell, or some one of them in giving the X-ray treatments, were acting as agents, servants or employees of the defendant hospital. He relies upon authorities that state or follow the general rules as to liability under the loaned servant rule or as to the duty of the court to submit to the jury the issue of the existence of the relationship of master and servant or that of employer and employee where the evidence is such that reasonable men might differ,

such as Gulf, C.&S.F.R. Co. v. Beasley, 67 Okla. 27, 168 P. 200, City of Tulsa v. Randall, 174 Okla. 630, 52 P. 2d 33, and 39 C. J. 1274.

The defendant argues that Dr. Miles was not its servant or employee, that Mrs. Mahnke and Miss Lindell were loaned servants of Dr. Miles, who had complete control over them, and that it is not responsible for the negligence, if any, of either or all of them. It relies upon cases involving a similar state of facts, such as Adehold v. Bishop, 94 Okla. 203, 221 P. 752, 60 A.L.R. 137; Randolph v. Oklahoma City General Hospital, 180 Okla. 513, 71 P. 2d 607; St. Paul Mercy Indemnity Co. v. St. Joseph's Hospital, 212 Minn. 558, 4 N.W. 2d 637; and Hoke v. Harrisburg Hospital, Inc., 281 Ill. App. 247.

We are of the opinion that the argument of the defendant is sound and is supported by the cited authorities, and that the trial court properly sustained the demurrer to plaintiff's evidence. There is no conflict in the evidence, nor does the record present a case where reasonable men might differ as to whether under plaintiff's evidence the defendant is responsible for the acts of Dr. Miles or Mrs. Mahnke or Miss Lindell.

1. We first consider the question as to whether the defendant is liable for injuries sustained as a result of negligence, if any, of Dr. Miles in giving the X-ray treatments. The relationship of physician and patient was thereby created between the plaintiff and Dr. Miles. 41 Am. Jur. 192, § 71. Dr. Miles was acting on his own account as a physician, exercising an independent employment, in prescribing and giving the treatments. He was not acting as an agent or employee of the defendant as owner or operator of the hospital and was not subject to its control or directions. The defendant, for a consideration, simply furnished Dr. Miles its X-ray equipment and technicians to use in giving the treatments. The fact that Dr. Miles maintained his office in the hospital and that the defendant collected, and

retained a part of, the fee is immaterial. Hoke v. Harrisburg Hospital, above; Penland v. French Broad Hospital, Inc., 199 N.C. 314, 154 S.E. 406; Johnson v. City Hospital Co., 196 N.C. 610, 146 S.E. 573.

It follows that the defendant is not liable for the negligence, if any, of Dr. Miles. 26 Am. Jur. 595, §14; 124 A.L.R. 186, at 190, annotation; 30 C.J. 466, 467.

2. While Mrs. Mahnke and Miss Lindell were in the general employment of the defendant during the time the plaintiff was taking the X-ray treatments in the defendant's hospital, they were the loaned servants of Dr. Miles and were under his exclusive control and direction while assisting in giving the treatments. The defendant, their general employer, reserved and exercised no right of control over them so as to make it responsible for their acts in helping to give the treatments. As X-ray technicians their duties were similar to those of nurses. It was their duty to follow the instructions of Dr. Miles in operating the X-ray machine and in assisting in giving the treatments. Assuming that they were guilty of negligence which c o n t r i b u t e d to plaintiff's injuries, Dr. Miles would be liable for damages caused by such negligence (Aderhold v. Bishop, above; Emerson v. Chapman, 138 Okla. 270, 280 P. 820; 48 C.J. 1137, §144; 41 Am. Jur. 223, §112), but the defendant as owner and operator of the hospital is not liable therefor. Randolph v. Oklahoma City General Hospital, above; 30 C.J. 467; 26 Am. Jur. 597.

For a recent discussion of the loaned servant doctrine, see Wylie Stewart Machinery Co. v. Thomas, 192 Okla. 505, 137 P. 2d 556.

Affirmed.

CORN, C. J., and RILEY, OSBORN, DAVISON, and ARNOLD, JJ., concur.