65 So.2d 40 (1953)
WILSON
v.
LEE MEMORIAL HOSPITAL.
Supreme Court of Florida, Division A.
April 21, 1953.
Rehearing Denied June 1, 1953.
W.D. Bell, Miami, for appellant.
Blackwell, Walker & Gray, Miami, for appellee.
TERRELL, Justice.
Appellant as plaintiff instituted this suit against Lee Memorial Hospital, hereinafter referred to as "the hospital", and Doctors Harvey J. Stripe, Baker Whisnant, and Harry L. Allen to recover damages for personal injuries resulting from carelessly and negligently performing an abdominal operation on plaintiff, wherein they permitted a surgical sponge to be sewed up in his abdomen, account of which he suffered great pain of body and mind, lost and will continue to lose, much time from his employment besides being permanently injured and disabled.
The hospital moved to dismiss and for summary judgment. The latter motion was accompanied by an affidavit of the surgical nurse who officiated at the operation, the pertinent part of which avers that she has been employed at the hospital since April 12, 1941, when he was operated on for muscular tumor of chest and abdomen by Dr. Harry L. Allen assisted by Dr. Baker Whisnant, that the hospital is a non-profit corporation, not engaged in the practice of medicine or surgery, that the surgeons who performed the operation on plaintiff were independent practitioners, that affiant was present as operating room nurse when plaintiff was operated on, that she acted under direction of the operating surgeon, that it was her duty to prepare the linen, sponges, instruments and sutures for the surgeons and to count the sponges before closing the incision. The affidavit further alleges that she performed all said duties with the utmost degree of caution as agent and servant of the surgeon, and she omitted nothing in that behalf, that the hospital made available her services for that purpose in the same manner that it made available the operating room and other appurtenances constituting the operating facilities.
The plaintiff filed a counter affidavit, including copies of correspondence with Duke University Hospital where the sponge was found and removed from plaintiff's abdomen, November 7, 1949. The counter affidavit denied the allegations of the direct affidavit to the effect that the nurse or *41 technician furnished to assist with the operation was not an agent of the hospital. The counter affidavit further averred that the hospital not only contracted to furnish plaintiff the operating room and equipment, but a trained nurse or technician to assist the surgeons, that said nurse was the agent of the hospital, that it was her duty to have the sponges ready for the surgeons, to count them before the operation, before closing the incision and to see that no sponges were sewed up in his body, that it was the duty of the nurse and the surgeon as agents of the hospital to see that these precautions were taken, all of which they neglected to do but sewed up the incision and failed to remove the sponge, all of which the complaint alleges in more specific detail. Such were the issues on which the motion for summary judgment was granted. This appeal is from the order granting summary judgment.
The point for determination is whether or not under this state of the record, the trial court committed error in granting the motion for summary judgment, thereby dismissing the cause as to defendant hospital.
30 F.S.A. Florida Common Law Rule, rule 43(c) provides for submitting affidavits by the adverse parties in support of their position. If the court finds that there is no genuine issue as to material facts, he may grant summary judgment in favor of the moving party. The real point here is whether or not the pleadings supported by the affidavits presented a material issue of fact. The movant contends that this question requires a negative answer and relies on Aderhold v. Bishop, 94 Okla. 203, 221 P. 752, 60 A.L.R. 137; Randolph v. Oklahoma City General Hospital, 180 Okla. 513, 71 P.2d 607; Hull v. Enid General Hospital Foundation, 194 Okla. 446, 152 P.2d 693; St. Paul-Mercury Indemnity Co. v. St. Joseph's Hospital, 212 Minn. 558, 4 N.W.2d 637; Wallstedt v. Swedish Hospital, 220 Minn. 274, 19 N.W.2d 426; and many other cases to support this contention.
These cases approve the rule that when one employs a surgeon, enters a hospital, public or charitable, and receives treatment of a nurse furnished by the hospital, but who is under the direct supervision of the surgeon, that said nurse is the agent of the doctor and the hospital is not liable for her negligence while acting under the direction of the doctor. Neither is the hospital responsible for the doctor's negligence. These cases also approve the rule that under the doctrine of respondeat superior a hospital, private or charitable, is liable to a patient for the torts of its employees. Such is the rule in this state. City of Miami v. Oates, 152 Fla. 21, 10 So.2d 721; Pensacola Sanitarium v. Wilkins, 68 Fla. 447, 67 So. 124; Parrish v. Clark, 107 Fla. 598, 145 So. 848.
The complaint flatly denies that the nurse was the agent of the surgeon or that while acting as such agent she performed her duty with the utmost degree of caution. It avers on the contrary that the nurse and surgeon were the agents of the hospital and that both of them fraudulently concealed the fact that the sponge was sewed up in the abdomen of the plaintiff. In sum the allegations of the complaint and the counter affidavit are in direct conflict with the affidavit of the nurse. We think the issue raised by them inhibited the order for summary judgment.
Complaints seeking to recover damages for tort should be tested by section 4 of the Declaration of Rights, Florida Constitution, F.S.A., which speaks in the imperative and requires that any one injured in his lands, goods, person or reputation, shall have remedy by due course of law, without sale, denial or delay. It is well to require the complaint to state a cause of action, but that done, it should never be overthrown by technical impediments that do not go to the merits of the cause. Whether the technical impediment be a rule or statute is not material. It is certain that the makers of the constitution did not intend that one injured in "lands, goods, person or reputation" be deprived of a right of action. Here we have a plaintiff who had a sponge sewed up in his belly where it lurked for nearly nine years causing him to suffer torture and he alleges that it left him permanently injured. If the allegations are proven, there certainly can be no doubt of his right to compensation. The *42 pleadings squarely present the question of whether or not the nurse was agent of the hospital or the surgeons or whose agent the nurse and the surgeons were. If the nurse or the surgeons were agents of the hospital, under the doctrine of respondeat superior it was error to dismiss it as a party. At any rate, the pleadings raise an issue that should have gone to the jury. This conclusion suggests no opinion as to merits of the evidence. That is a jury question. The only question here is the sufficiency of the pleadings to state a cause of action.
It follows that the order for summary judgment was error, for which the cause must be and is hereby reversed with directions accordingly.
Reversed.
ROBERTS, C.J., and SEBRING, J., and WALKER, Associate Justice, concur.