E. C. JOACHIM, Plaintiff in Error,

v.

Marion HAWKINS, Defendant in Error.

No. 37387.

Supreme Court of Oklahoma.

May 28, 1957.

As Corrected June 7, 1957.

Wm. T. Powell, Walters, for plaintiff in error.

Walter Hubbell, Walters, for defendant in error.

PER CURIAM.

Defendant in error, plaintiff below, initiated this action to recover damages resulting from the destruction of certain growing crops on premises leased by him. In substance, his petition alleged that he owned an agricultural lease on the described property for the year 1953; that he had a wheat crop on part of the land, two acres of which he had to delay harvesting because it was situated on low ground which was too wet to move over at the regular harvest time; that when he returned to harvest this two acres he discovered that the defendant had entered and plowed it under; that he was damaged thereby in the amount of $153; that, as a second cause of action, the defendant likewise plowed under ten acres of hegari

which was being grown for hay; that he was damaged in the amount of $345, the reasonable value of the crop for hay; that he was also damaged in the amount of $75, the reasonable value of the pasture after harvesting the hay. The defendant filed a general denial to the petition and a cross petition, the substance of which is not now material except that it admitted the plaintiff's possession of the property under an agricultural lease, but pleaded ownership of the property by defendant subject to the aforementioned lease. This lease, a copy of which was introduced in evidence, provided that defendant was entitled to take possession of the stubble land five months prior to the expiration date of the lease in order that it might be seeded to fall grains.

The plaintiff's evidence disclosed that the wheat and hegari were plowed under, and that the plaintiff's damages were substantially as alleged. The issue presented by the appeal is whether the persons who actually plowed the ground were agents of the defendant for whose acts he is responsible. The evidence disclosed that the land of which plaintiff was lessee and on which these crops were growing was purchased by defendant subject to plaintiff's lease; that defendant thereafter leased the land for the succeeding crop year to Frank Baker; that the wheat and hegari were plowed under at different times; that, for convenience, defendant and Baker traded plowing work on this and another piece of ground owned by defendant; that defendant sent his hired hand, Mr. Zachary, with his equipment to the farm to perform defendant's part of the trade work; that Baker "laid off the land," i. e., plowed the perimeter of the area to be plowed by Zachary and within which was the growing wheat; that defendant did not direct or supervise the plowing of this ground; that the hegari was subsequently plowed by a hired hand of defendant, Mr. Smith, under his personal supervision, in an effort by defendant to help Baker, who was then injured, prepare his ground for planting. The trial court gave the following instruction on agency:

"* * * under all of the undisputed evidence, Mr. Baker, Mr. Smith and Mr. Zachary were all agents of Mr. Joachim in regards the plowing on the premises in question, and he is legally bound by their acts in regard thereto. * * *"

By defendant's own admission it was established that he directed and controlled Smith in the plowing of the hegari crop. However, the relationship of the defendant to Zachary in the plowing of the wheat was not so unquestionably established, and the evidence does not even support an inference that Baker was agent for defendant in the plowing on this farm. Defendant and Baker occupied the status of landlord and tenant. Zachary, the hired hand who plowed the wheat field, testified that Baker directed what land should be plowed, that Baker made the first round with the tractor, and that the defendant did not tell him or direct him where or how he plowed. This testimony, together with the fact that Baker was lessee of the land for agricultural purposes, is certainly sufficient to support the reasonable conclusion that Zachary was for that purpose the servant of Baker. "It is well settled that one who is the general servant of another may be loaned or hired by his master to another for some special service so as to become, as to that service, the servant of such third person." Wylie-Stewart Machinery Co. v. Thomas, 192 Okl. 505, 137 P.2d 556, 557; Randolph v. Oklahoma City General Hospital, 180 Okl. 513, 71 P.2d 607. As the defendant's liability for the damage to the wheat crop depends altogether upon the theory of respondeat superior, the foregoing conclusion would effectively absolve him of any liability on that cause of action. If conflicting inferences may be drawn from the evidence relating to the matter of agency, the question is one of fact to be submitted to the jury. McCowen v. Sisters of Most Precious Blood of Enid, 208 Okl. 130, 253 P.2d 830. Thus, the court erred in instructing the jury that Baker and Zachary were agents of the defendant in the plow-

ing of the wheat field, for the evidence admits of a conflicting conclusion concerning their status which is just as reasonable as that of their agency to defendant.

The judgment is reversed with directions to grant defendant a new trial.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD and CARLILE, JJ., concur.

The court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Nease and approved by Commissioner Crawford, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.