**HILLCREST MEDICAL CENTER,**
**Plaintiff in Error,**

v.

**Everett Roland WIER, Defendant in Error.**

**No. 39695.**

Supreme Court of Oklahoma.

June 26, 1962.

Rucker, Tabor, Best, Sharp & Shepherd, Joseph A. Sharp, Thomas L. Palmer, O. H. "Pat" O'Neal, Tulsa, for plaintiff in error.

Floyd L. Walker, Victor Law Ellis, Tulsa, for defendant in error.

IRWIN, Justice.

Everett Roland Wier hereinafter called plaintiff, commenced an action for damages against Hillcrest Medical Center for alleged injuries sustained by him by reason of the alleged negligence of the medical center, its servants, agents and employees. On trial of the cause, the trial court sustained a demurrer to plaintiff's evidence. On hearing plaintiff's motion for a new trial the trial court found the same "should be sustained by reason of error committed by the court involving a pure and unmixed question of law, to-wit, in sustaining defendant's demurrer to plaintiff's evidence."

Hillcrest Medical Center appeals from the order granting plaintiff a new trial and will be referred to as defendant or Hospital.

## FACTS

Prior to plaintiff's admission to the Hospital on May 17th, 1959, he had sustained a substantial weight loss; On May 18th his teeth were extracted; he received no nourishment on the 17th or the 18th, but was given a liquid diet in the morning, at noon and in the evening of the 19th. On May 20th he received no food or nourishment and a sample of blood was removed for laboratory purposes; Within thirty minutes after the blood was removed, he

was taken to the x-ray department in a wheel chair for x-rays. He walked from the wheel chair to a seat in the reception room and from the reception room to the x-ray room. There were no chairs or benches for the patients to sit on in the x-ray room. He told the technician he was awfully weak when he was called to the x-ray room. He was instructed to stand in an unnatural position before the machine while it was being readied for chest x-rays. He urged the technician to hurry as he felt awfully weak. While the plaintiff was standing for the x-rays he fainted and fell to the floor, striking his head and causing the alleged injuries complained of. Dr. L, Director of the Department of Radiology of the Hospital, testified if there is any question as to procedure to be followed in taking the x-ray pictures, it should be referred to one of the department radiologists; that if a patient is too sick to have a chest x-ray taken in a standing position, it should be taken in a sitting or lying position.

## CONTENTIONS

The defendant contends the trial court erred in sustaining the motion of the plaintiff for a new trial in that under the evidence no duty on the part of the Hospital was established; that assuming, for the purpose of argument, that the Hospital had a duty, the evidence, considered in its most favorable light established that said duty was met in every respect.

## CONCLUSIONS

█ The granting of a new trial is within the sound discretion of the trial court, and its action in so doing will not be disturbed on appeal unless the record clearly shows the court acted arbitrarily or erred in its view of some unmixed question of law and that the new trial was granted because of such erroneous view of the law. Burnett v. Tisdell, Okl., 370 P.2d 924; Noble v. City of Bethany, 206 Okl. 122, 241 P.2d 401.

█ A demurrer to plaintiff's evidence admits the truth of all the evidence favorable to plaintiff, and admits the existence of all the facts which the evidence, together with all inferences that may reasonably and logically be drawn therefrom, in the slightest degree tends to prove. See City of Ardmore v. Roedler, Okl., 361 P.2d 692; Gulf, Colorado and Sante Fe Railway Co. v. Blanton, Okl., 284 P.2d 736; and Anthony v. Bliss, 39 Okl. 237, 134 P. 1122.

In Flower Hospital v. Hart, 178 Okl. 447, 62 P.2d 1248, we held:

"A hospital which is conducted for private gain receives patients under an implied obligation that it will exercise ordinary care and attention for their safety; and that such degree of care and attention should be in proportion to the physical and mental ailments and condition of the patient; the question whether or not such requirements have been met presents an issue of fact to be determined by the jury."

In Duke Sanitarium v. Hearn, 159 Okl. 1, 13 P.2d 183, we held:

"Negligence on the part of a hospital in the care and treatment of a patient consists in doing something which it should not have done or in omitting to do something which it should have done."

See also Tulsa Hospital Ass'n v. Juby, 73 Okl. 243, 175 P. 519, 22 A.L.R. 333.

Defendant urges that it did not administer the x-ray treatments; that it furnished the room, the equipment and the technician but the treatment was administered under the supervision and orders of plaintiff's personal physician; that plaintiff's physician left orders for certain procedures to be carried out by the Hospital and the x-ray department and the procedures were carried out in accordance with accepted practices and customs and in accordance with the instructions of plaintiff's physician; that it must exercise ordinary care and attention for the safety of its patients and the evidence in the instant case reveals the Hospital did exercise the

degree of care required; and that the mere happening of the accident is no evidence of the Hospital's negligence.

To sustain its theory, defendant cites Hull v. Enid General Hospital Foundation, 194 Okl. 446, 152 P.2d 693; Randolph v. Oklahoma City General Hospital, 180 Okl. 513, 71 P.2d 607; and Aderhold v. Bishop, 94 Okl. 203, 221 P. 752, 60 A.L.R. 137.

In the Enid Hospital case, the plaintiff made an independent contract with a physician for the administration of x-ray treatments. The hospital furnished the room, the equipment and the technicians, but the treatments were given under the direct supervision of the physician. Although the physician used the facilities of the hospital, he was not connected with it. The doctor was present when each treatment was given, placed the patient in the correct position for the treatment and directed the amount of radiation to be given and the time in which it was to be given. The technicians only did as they were directed by the doctor. In that case the technicians were the loaned servants of the physician and the hospital was not liable.

In the Oklahoma City Hospital case the patient received burns from hot water bottles. The patient's personal physician, who was not connected with the hospital, directed the use of the hot water bottles; he determined how hot the water should be; he placed the bottles on the patient himself and directed the nurses to leave them there until his further order. The doctor was in the patient's room practically all the time the bottles were on the patient. In that case we held that the nurses were the servants and agents of the physician while assisting the physician, and the hospital was not liable.

In the Aderhold case the patient was burned by hot water or by a pan holding hot water which had been placed between the patient's feet. The sanitarium furnished the operating room and the nurses, but everything done by the nurses was done under the supervision and direction of the doctors and in their presence. This Court held the nurses were the servants of the doctors at the time the burns were received and allowed recovery against the doctors who were doing business as the sanitarium when the injuries occurred.

In the case at bar, the only direction given by the plaintiff's personal doctor was for the x-rays and the laboratory work for the blood tests. There was no direction given as to when the x-rays were to be made; there was no direction that they were to be made before plaintiff was permitted to have any nourishment or that they should be made within a certain time after the blood was taken, nor was there any direction given as to how the x-rays were to be taken or the position of the patient when the x-rays were made. The doctor was not present when the work was·done and all details as to the time, manner and position of the patient when the x-ray was taken and such other details were left to the discretion of the hospital.

Since there was an implied obligation or duty on the part of the Hospital to exercise ordinary care and attention for the plaintiff; and such care and attention should be in proportion to the physical condition of the patient; and the question as to whether or not the Hospital met such requirements presents an issue of fact to be determined by the jury; we can not conclude from the evidence favorable to the plaintiff, together with all inferences that may be reasonably and logically drawn therefrom, that no duty on the Hospital was established or that the Hospital exercised the ordinary care and attention of plaintiff required of it.

We therefore hold the trial court did not commit error in granting plaintiff a new trial and the judgment of the trial court granting a new trial is therefore affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, HALLEY, JOHNSON, JACKSON and BERRY, JJ., concur.