Clark PUTT, Plaintiff in Error,

v.

EDWARDS EQUIPMENT COMPANY, Defendant in Error.

No. 41189.

Supreme Court of Oklahoma.

April 19, 1966.

Raymond A. Trapp, Ponca City, for plaintiff in error.

C. D. Northcutt, Northcutt & Northcutt, Ponca City, for defendant in error.

BERRY, Justice.

Plaintiff in error brought an action against the corporate defendant seeking damages for personal injuries. The trial court sustained defendant's demurrer to plaintiff's evidence and entered judgment for defendant. Motion for new trial was overruled and plaintiff appealed to this Court upon the original record, upon the ground that the trial court erred in sustaining a demurrer to the evidence.

The petition alleged the corporate defendant was engaged in selling farm machinery and equipment. Plaintiff operated a small farm near Ponca City, Oklahoma, and inquired at defendant's for a used tractor equipped with a front end loader, to be used in leveling ground on his farm. Subsequently defendant showed plaintiff a used International tractor so equipped, and with dual wheels on rear. Thereafter defendant delivered the machine to the farm in order that plaintiff might try same with a view to purchase if satisfactory for the use intended. When delivered the tractor had only single rear wheels, and plaintiff drove the tractor but noticed nothing unusual. The following day plaintiff drove the tractor to a place on the farm and attempted to use the front loader. While attempting to lift a load of dirt the tractor overturned, pinning plaintiff underneath and inflicting serious injuries.

Plaintiff alleged his own unfamiliarity with this particular make and model tractor equipped with the front loader, which was not standard equipment for this machine, and the loader was extra heavy and of greater capacity than those regularly installed on such tractor; that to counterbalance the extra weight this tractor was equipped with dual wheels and also had a counterbalance at the rear; before delivering this machine to plaintiff the defendant removed two of the rear wheels and failed to place the counterbalance on the rear of the tractor; defendant then failed to warn plaintiff of the dangerous condition of the machine and the danger attendant upon using the loader without the dual wheels and counterbalance; that plaintiff noticed nothing unusual when driving the tractor, and there was nothing to warn him of danger involved in attempting to use the device for loading dirt. Plaintiff charged defendant's violation of duty to warn of dangerous nature of instrumentality when used for loading dirt, although defendant knew of use plaintiff intended to make of the machine; defendant also failed and neglected to warn plaintiff of danger in using the loader when tractor was not equipped with dual tires or counterbalance on the rear; plaintiff had no knowledge this loader was not standard equipment and that a counterbalance was necessary if loader was to be used.

Defendant's answer denied violation of any duty owed plaintiff, or that there was anything unusual when the machine was delivered, or any reason for warning against improper use. Further, there were no hidden defects in the machine and plaintiff was experienced in operation of such machinery, and the accident resulted from plaintiff's own negligence in attempting to load dirt when tractor was upon uneven ground, which caused machine to tip over. The answer also alleged contributory negligence and that any dangers were open and apparent, as to which plaintiff assumed the risk.

■ This appeal involves the single question whether plaintiff's evidence was sufficient to present a question of fact requiring determination of the jury. Plaintiff urges applicability of the settled rule relative to a trial court's duty in passing upon a

demurrer to the evidence. This rule requires the court to consider all evidence favorable to the demurrant as withdrawn and to measure plaintiff's case by treating as admitted every fact which the evidence tends in the slightest degree to prove, and all reasonable and logical inferences and conclusions to be drawn therefrom. Spiller v. Massey & Moore, etc., Okl., 406 P.2d 467.

Plaintiff approaches the problem from the premise that delivery of the tractor for trial as a preview to possible purchase constituted a bailment for mutual benefit of the parties. This rule is that when a chattel is delivered for trial to determine the suitability for the bailee's requirements, with the understanding that if satisfactory the bailee has the option of purchase, this arrangement constitutes a bailment for mutual benefit of the parties. 8 Am.Jur. (2), Bailments § 15; annotations in 31 A.L.R. 1364; Western Rope & Mfg. Co. v. Overland Pet. Co., 98 Okl. 5, 224 P. 659, recognizing the principle of the rule mentioned. The conclusion is that the issue herein is determinable under the law of bailments, and particularly in view of our statute, 15 O.S. 1961, § 453, which provides (in pertinent part):

> "A bailor must indemnify the bailee:
> "First. For all damage caused to him by the defects or vices of the thing bailed;
> "* * *"

The defendant's position, derived from text law relative to sales as expressed in 46 Am.Jur., Sales § 802, et seq., is that to establish actionable negligence arising from the seller's breach of duty toward an injured party the defective condition of the article sold must be proved. Defendant urges a seller may be liable to a buyer for injury if the article sold has a latent defect which renders it dangerous, and the seller knew, or by inspection could be expected to know, of a danger but failed to disclose such defect to the buyer. But no liability can attach if the buyer is familiar with the risk involved. And, although there is a duty to warn against latent defects, no such duty exists as to defects discoverable by ordinary examination, or which are open and capable of being observed by a person of ordinary intelligence.

Much of defendant's argument concerns the asserted negligence of plaintiff in attempting to use the loader over uneven ground, thereby creating a dangerous condition which caused the accident. Such matters necessarily present the defense of contributory negligence, which has no part in consideration of the issue herein, and does not require further attention. Under the rule governing consideration of the evidence in passing upon a demurrer thereto, review of the evidence favorable to the plaintiff becomes necessary to the present inquiry.

The plaintiff's evidence included testimony of the corporate defendant's president (Edwards), which confirmed the matters relative to plaintiff's inquiry and negotiations for a cheap tractor equipped with a front loader. By trade defendant acquired a 1940 model light industrial tractor equipped with a loader, rear dual wheels and a bracket for a counterbalance (weight box) extending from the rear. There was no counterbalance on the machine when acquired by defendant. The front loader was not original equipment but was "comparable" to factory equipment, and was on the tractor when acquired by trade from a Kansas company, which used the machine for "stockpile loading."

Defendant's cross-examination was that the tractor had no hidden defect. Two of the rear dual wheels were removed because the tires were bad, leaving single wheels, although defendant "did put back two sets of wheel weights which we felt was adequate." Removal of the dual wheels made it the same as an agricultural tractor, except the "front end is made a little heavier" to handle more weight. Defendant repaired the hydraulic ram and removed the rear tires so the tractor could be used either for farming, or light industrial work. Unless dual tires had been removed the tractor could not have been used for plowing, or to pull a hay baler or mower.

A prior owner (Auterson) had used the tractor in his dirt business before trading it to defendant. It was equipped with a bracket for a sand box when traded to defendant; this was to hold weight down on the wheels to make it load. The dual wheels and sand box still were on the tractor when traded to defendant. This witness, who was experienced in operation of such equipment, testified removal of the outside dual wheels would make the tractor turn over easier when using the front loader. On cross-examination the witness stated the tractor wouldn't overturn on level ground but would on a slope; that it was necessary to watch when the bucket was in the air or "it would keel over on you." The witness had reacquired the machine and at the time of trial was using it every day. There still were only single wheels but the machine was not used on slopes. The witness used a counterbalance on the tractor in order to make the front loader go into the dirt and to give the rear wheels traction, and traction holds the rear wheels down.

In his own behalf plaintiff testified he operated a restaurant and also owned a small farm upon which he kept and used two farm tractors; had talked to defendant about getting a front loader to move dirt into low places, and to level ground in order to build fences. Defendant, who knew plaintiff's land was rolling, advised plaintiff he had a tractor suitable for his purposes. Plaintiff went to see the tractor and noticed it had dual wheels and a frame on the rear. Defendant stated that they did not bring the box that went on the frame and did not advise plaintiff what it was for and plaintiff did not know the purpose, having no experience with this type tractor. Defendant agreed to send the tractor out to plaintiff for trial, to determine whether it was what was wanted, but gave plaintiff no instructions or warning. The day of delivery plaintiff drove the tractor to familiarize himself with it and noticed nothing unusual. The next day while driving the tractor to load dirt the accident occurred.

Further testimony by plaintiff when recalled, and on cross-examination, was that upon picking up a load of dirt, the loader was raised but he still was able to see over it; the tractor was driven up onto the terrace and plaintiff noticed the front end was going down. When a wheel came off the ground plaintiff grabbed for the dump lever but missed. He jerked the gas lever back but the tractor was rolling to the left. Plaintiff jumped but the tractor turned over pinning him underneath, where he remained until a wrecker lifted the tractor some three hours later.

When plaintiff first looked at the tractor defendant stated some repairs would have to be made as the loader would not work, and later it was delivered to plaintiff for trial, and to buy or not as he saw fit. There were no dual wheels when delivered, and a frame was at the back without any box. Plaintiff had no prior experience with dual wheels and did not know the effect of removing the outside dual wheels. Neither did plaintiff have prior experience with a counterbalance, or know the purpose of a box on the rear frame. The foregoing is a fair summation of the evidence.

In passing upon defendant's demurrer, the trial court observed that, although the outside dual wheels had been removed, the width of the rear wheels was as visible to plaintiff as to defendant, and there was no representation. The court further stated:

"  *  *  *  The fact that there were no weights on the rear and that by loading the shovel there would be additional weight put on the front end, the plaintiff is a man of mature experience, his testimony is that he has operated tractors for years, his own witness  *  *  *  said he had operated this tractor without dual wheels for a year without any accident.  *  *  *"

These comments are noteworthy, in that they adequately reflect the trial court's failure to measure the demurrer properly, by refusing to weigh conflicting evidence and treating as withdrawn from consideration any evidence favorable to defendant.

■ Determination of the propriety of the trial court's ruling must be accomplished in light of other recognized rules. It is settled that all law questions must be decided by the trial court, but disputed questions of fact, clear or obscure, must be decided by the jury. Blair v. Lewis, 57 Okl. 707, 157 P. 905; McCowen v. Sisters of Most Precious Blood, etc., 208 Okl. 130, 253 P.2d 830. The decisive question then becomes one of determining whether the trial court could declare as a matter of law that a tractor, modified by defendant before bailment to plaintiff as shown by the evidence, could not be defective or dangerous instrumentality as to which the defendant owed no duty of warning.

Plaintiff relies generally upon the text rule appearing in 8 Am.Jur., Bailments § 152:

> "The bailer's duty to exercise reasonable care to see that the chattel is safe and suitable for its known use, may, in the case of a chattel which is a dangerous instrumentality if improperly used, require the bailer to warn the bailee of the dangers inherent in improper operation thereof, and to make inquiry as to the bailee's ability to operate it."

Development of the basis for such rule may be observed by recourse to annotations in 12 A.L.R. 774; 61 A.L.R. 1336; 131 A.L.R. 845. And see Restatement of the Law of Torts §§ 282–284.

Although inferentially acknowledging such rule, defendant asserts this tractor was neither imminently nor inherently dangerous and the defects, if any existed, were open and patent. Thus, since any defect was open and discoverable by ordinary examination, no duty devolved upon defendant to warn plaintiff. Defendant cites as authority for this argument the annotation in 33 A.L.R.2d 539. Examination of cases annotated in support of such argument reflects that such cases involved facts neither present in, nor analogous to, the situation presented in this appeal.

The argument that this machine was neither imminently nor inherently dangerous also was a subject of discussion in our recent decision in Bower v. Corbell, Okl., 408 P.2d 307, p. 313. We there stated that an automobile is not considered inherently dangerous, but when serviced and set in motion it becomes an inherently dangerous contrivance. And, where reasonably certain to create danger if negligently made or serviced it is a thing of danger. Neither does this expression conflict with the result in Moore v. City of Ardmore, 188 Okl. 74, 106 P.2d 515, 131 A.L.R. 841. That case did not involve a machine which may become inherently dangerous when set in motion for use for the purpose intended.

Plaintiff cites McNeal v. Greenberg et al., 40 Cal.2d 740, 255 P.2d 810, wherein the bailee's liability, resulting from failure of a tractor's brakes, was put on the basis of the requirement to make the machine reasonably safe for the intended use, or to disclose the actual condition of the instrumentality. Defendant urges lack of application of that decision because the bailee could not know of such hidden defect, whereas there is no duty to warn of a condition which is open and obvious.

Because this case must be retried no comment should be made upon particular phases of the evidence. It is necessary, however, to point out that defendant's positive assertion that the defects, if any, were open and visible to a person of ordinary intelligence does not provide an answer to the problem. The evidence showed defendant knew the terrain of the farm, the use intended to be made of the front loading tractor, and that plaintiff lacked knowledge of operation of this type equipment. Further, defendant knew the purpose of the frame was to contain a counterbalance, and that the tractor had been operated theretofore upon dual rear wheels, which were required to aid in giving the machine traction. With this knowledge on his own part defendant removed two wheels, adding weights which he "considered adequate", but made no mention of any need for counterbalance of the machine when in use. Whether the machine could have operated

properly in this condition could have been ascertained easily by some reasonable inspection and testing prior to delivery. Whether the machine could have operated properly in this condition, or whether there were peculiarities in operation resulting from alteration which would have been revealed by inspection and testing prior to delivery were matters for the jury to determine.

In Greenberg, supra, the result was reached upon the basis of the rule stated in Restatement of the Law of Torts § 408 (a), quoted as follows:

"The fact that a chattel is leased for immediate use makes it unreasonable for the lessor to expect that the lessee will do more than give it the most cursory of inspections. The lessor must, therefore, realize that the safe use of the chattel can be secured only by precautions taken by him before turning it over to the lessee. * * * If the chattel is made by a third person, the lessor is required to exercise reasonable care to inspect it before turning it over to the lessee. * * * In addition to the inspection required when the chattel is acquired, the lessor is required to make from time to time such inspections of the articles, which he keeps for hire, as a reasonably careful man would make in view of the nature of the article and the use to which it is to be put."

The rule also is expressed in the Restatement § 404 that an independent contractor who negligently makes, rebuilds or repairs a chattel for another is subject to the same liability as that imposed upon a negligent manufacturer. And in this connection see comment § 408(a) quoted.

We expressly avoid discussion and analysis of prior decisions such as Auten v. Livingston, 201 Okl. 467, 207 P.2d 256; Crane Co. v. Sears, 168 Okl. 603, 35 P.2d 916; and Hembree v. Southard, Okl., 339 P.2d 771. These cases involved different facts and are controlled by different rules.

Admittedly defendant delivered this machine to plaintiff for use in a different condition than when first observed. Whether defendant knew, or should have known, that the tractor was likely to be more dangerous when put to use was a question of fact. Changing the wheels was shown to have altered the safety of operation, and this must have been known by defendant since weights "considered to be adequate" replaced the wheels which were removed. Whether repair and alteration made the instrumentality more dangerous, and whether the altered condition constituted an observable defect, particularly to one unfamiliar with such a machine, raised fact questions for a jury to consider. Whether plaintiff would realize the possible results of the alteration, or whether defendant owed any duty to warn that such changes might be likely to make the machine more dangerous, were not matters determinable by the trial court as a matter of law.

Judgment reversed and cause remanded with directions to grant plaintiff a new trial.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, IRWIN and LAVENDER, JJ., concur.