Pensacola Sanitarium, a Corporation, *Plaintiff in Error;*
v. Joseph D. Wilkins, *Defendant in Error.*

Opinion Filed December 1, 1914.

1. Where, in an action for personal injuries, the damages claimed are solely for alleged actual negligence, it is not error to exclude evidence as to the competency of the negligent employee.

2.  It is not error to exclude a question relative to the extent of the plaintiff's injury when it was coupled with matter relating to a settlement of the claim for damages which latter was not material to the issues being tried.

3.  Where the trial court has allowed a remittitur, the appellate court will not reverse the judgment for excessiveness in amount, where the award is not patently excessive.

Writ of error to Circuit Court for Escambia County; J. Emmet Wolfe, Judge.

Judgment affirmed.

*Sullivan & Sullivan,* for Plaintiff in Error;

*R. P. Reese* and *J. P. Stokes,* for Defendant in Error.

WHITFIELD, J.—A former judgment herein awarding $1,250.00 damages for a burn on the plaintiff's leg caused by leaving a hot water bottle in the bed where he was a patient in the sanitarium, was reversed because of the admission of mortuary table followed by an apparently excessive verdict for an injury not shown to be permanent in its nature. Pensacola Sanitarium v. Wilkins, 64 Fla. 407, 60 South. Rep. 128.

At a subsequent trial a verdict for $1,500.00 was rendered. As an alternative for a new trial awarded the amount of the verdict was reduced by remittitur to $1,000.00 and the defendant took writ of error.

As the damages were claimed for actual negligence of a nurse, who was an employee of the private corporation for profit, there was no error in excluding evidence as to the competency of the nurse, or in refusing a charge as to the care used in selecting nurses at the sanitarium.

It was not error to exclude a question relative to the extent of the plaintiff's injury when it was coupled with matter relating to a settlement of the claim for damages which latter was not material to the issues being tried.

There was no error in permitting the plaintiff to testify as to how the burn was measured, the plaintiff's burned limb being at the time exhibited to the jury.

As the evidence of the nature and extent of the injury sustained is more complete, as shown by this record, and as the trial court has expressly considered the amount of the award in this second verdict, by permitting a remit-titur in accordance with his judgment as to the proper amount to be recovered, the appellate court will not disturb the trial court's determination, the amount awarded in the judgment not being patently excessive.

Judgment affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.