Subsequent to dissolution of the attachment plaintiff in error brought an action against defendant in error on an attachment bond for the purpose of recovering damages for wrongful attachment. The declaration was in the usual form and the cause went to trial on a traverse of the declaration as provided in Section 2655, Revised General Statutes of Florida. The jury returned a verdict for the plaintiff in error in the sum of one thousand and eighty-nine dollars and eighty-two cents ($1089.82), on which final judgment was entered.
Motion for new trial was seasonably made and submitted, and the trial court entered an order permitting the plaintiff to enter a remittitur for five hundred dollars ($500.00) within thirty days, in default of which a new trial would be granted without further order. Plaintiff declined to enter the remittitur, and took writ of error from this Court to the order granting the new trial. Sec. 2905, Rev. Gen. Stats., 1920.
It is contended by plaintiff in error that the trial court in ordering the remittitur under the facts in this cause clearly usurped the function of the jury, which he cannot do.
In requiring the entry of a remittitur to correct an excessive verdict or judgment the general rule seems to be that the amount of the excess must clearly appear from the record, and then if on the whole showing made by the record it appears that the damages awarded by the jury are excessive, the court may require a remittitur for the amount of the excess on condition that the judgment *Page 907 
stand for the balance, otherwise a new trial will be granted. McLean v. Spratt, 20 Fla. 515; Florida Ry. Nav. Co. v. Webster, 25 Fla. 394, 5 South. Rep. 714; Postal Telegraph-Cable Co. v. Scott, 76 Fla. 336, 79 South. Rep. 767; Florida Southern Ry. Co. v. Steen, 45 Fla. 313, 34 South. Rep. 571; Standard Growers' Exch. v. Martin, 80 Fla. 864, 87 South. Rep. 54; 2 R. C. L. 278.
From a study of the foregoing cases, and many others of similar import, it is at once apparent that from the face of the record the amount of the excess cannot always be worked out with a mathematical precision, nor do we think the rule contemplates this. It is of course preferable if capable of being determined to mathematical exactness, but may be arrived at through any process of reasoning actuated and controlled by the facts in the record and guided by an honest, sincere purpose to do justice to both parties to the cause in the light of these facts. The line of demarkation between the province of the court and that of the jury in this, as in all other mixed questions of law and fact, is often difficult to distinguish; but when the trial court has in line with the rule here announced authorized a remittitur, his order should not be disturbed unless it clearly appears that he abused his authority or violated a controlling provision or principle of law.
It is contended here that there is no proper predicate in the record for the remittitur, and that in imposing it the trial court substituted his judgment for that of the jury. It is well settled that this cannot be done except in cases where it is clear that the jury was influenced by prejudice, bias or other improper influence, but we do not think this rule applies here because the court did not indicate what amount he would have given had he been on the jury, but only such amount as he would not feel at liberty to pronounce excessive. This seems to be the *Page 908 
practice in most of the appellate courts, and we think it is warranted to the end of saving vexatious, expensive and prolonged litigation. Florida Ry. Nav. Co. v. Webster,supra.
Plaintiff in error seeks reversal of an order granting a new trial on condition that the remittitur is not entered. A stronger showing is required to reverse an order allowing a new trial than to reverse one denying it. Ruff v. Georgia S. F. R. Co. 67 Fla. 224, 64 South. Rep. 782; Aberson v. Atlantic Coast Line R. Co., 68 Fla. 196, 67 South. Rep. 44; Carney v. Stringfellow, 73 Fla. 700, 74 South. Rep. 866.
It is incumbent on plaintiff in error to make it clearly appear that in granting a new trial on condition that the remittitur was not entered, the trial court abused the discretion imposed upon him, and that his award was patently excessive. Careful examination of the record does not disclose such abuse of discretion, or that the suggested remittitur was patently excessive, so the judgment below is affirmed. Pensacola Sanitarium v. Wilkins, 68 Fla. 447,67 South. Rep. 124.
Affirmed.
WHITFIELD, P. J., AND BUFORD, J., concur.
BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion. *Page 909