**FLORIDA PUBLIC UTILITIES COMPANY, a corporation, v. PHOEBE S. WESTER, et al.**

7 So. (2nd) 788                                          Division B
April 14, 1942                      Rehearing Denied May 11, 1942

James H. Finch and John H. Carter & John Carter, Jr., for plaintiff in error.

Fisher & Fisher and John C. Wynn, for defendants in error.

TERRELL, J.:

In January, 1938, the home and furnishings of Phoebe S. Webster at Marianna were destroyed by fire. They were insured to the extent of $4500 with Concordia Fire Insurance Company and Camden Fire Insurance Company who paid the insurance. This action was brought against Florida Public Utilities Company to recover damages for the value of the property destroyed on the theory that it did not furnish water sufficient to extinguish the fire. The insurance companies were joined as parties plaintiff

on the theory that by subrogation, they are entitled to participate in the proceeds of the judgment for the amount paid on insurance.

A trial resulted in a verdict and judgment for $15,000 which was on April 8, 1941, reversed by this Court for a new trial on the issue of damages only because the evidence as to value of the property destroyed was indefinite and unsatisfactory. The case was retired and resulted in a judgment for $9500. That judgment is here for review, numerous questions being urged for adjudication.

The first question is predicated on the proposition that it was incompetent for the plaintiff to join the fire insurance companies as use plaintiffs with the idea of recovering the amounts paid by them on insurance as damages.

It is sufficient answer to this question to say that while it was not treated in our former decision, it was in reality considered and adjudicated. When this Court reverses the judgment of a trial court to be tried on the sole question of damages or on any other sole issue, all other questions raised may be considered as having been adjudicated.

It is not out of place to state however that on this point, we approve the general rule that Mrs. Wester had a right to sue for herself and to include all others who had a legal or equitable right to participate in the subject matter of the litigation. If she sees fit to recognize the legal right of subrogation in her insurers, the defendants have no reason to object in the absence of a showing that they are adversely affected and there is no such showing here.

The only other question necessary to discuss is that of proof of damages. On this point, the plaintiff in

error contends, (1) that the evidence is not sufficient to show that any of Mrs. Wester's property could have been saved if the water supply had been ample, and (2) the evidence as a whole on the question of damages is insufficient.

On the first phase of this question plaintiff in error relies on Mugge v. Tampa Water Works, 60 Fla. 263, 53 So. 943. Considered from the standpoint of origin, there are some parallels in these two cases but the proofs were entirely different producing very different results. The evidence as to what might have been saved in this case is not free from conflict but every witness testified to material loss and being so, the amount was a typical jury question.

The evidence as to value of the property lost is conflicting in some aspects and like the evidence as to what could have been saved, is largely opinion evidence but this in no sense discredits it or removes it from the province of the jury on which to predicate a verdict. It is shown that the house was an old building and constructed from better material than can now be secured but it was a home and had a value for that which was subject to evaluation. The personal property was shown to be china, pictures, furniture, a piano and other articles to adorn and equip the home many of which were antiques and heirlooms inherited by Mrs. Wester from her parents and were shown to be of great value.

It is often impossible to place what is a current market value on such articles but the law does not contemplate that this be done with mathematical exactness. The law guarantees every person a remedy when he has been wronged. If the damage is to personal property as in this case, it may be impossible

to show that all of it had a market value. In fact it may be very valuable so far as the owner is concerned but have no value so far as the public is concerned. It would be manifestly unfair to apply the test of market value in such cases.

When the wrong is shown it becomes the duty of court and jury to apply a test that will reasonably compensate the person wronged rather than one that makes it impossible to do so. The principle of res ipsa loquitor may be used to aid the result even though not technically applicable. The evidence was ample to support the verdict and is affirmed.

Affirmed.

BROWN, C. J., CHAPMAN and THOMAS, JJ., concur.