PER CURIAM.
Plaintiff-appellant appeals from an order of the trial court finding the evidence sufficient in the case sub judice to support a verdict for the plaintiff-appellant of $10,-000, but insufficient to support a verdict of $18,000 and granting a new trial unless plaintiff entered a remittitur of $8,000.
The question is whether the trial judge abused his discretion, in the light of the record, in declaring the verdict excessive. See Turner v. Kreider, 1944, 154 Fla. 832, 19 So.2d 408; De La Vallina v. De La Vallina, 1926, 90 Fla. 905, 107 So. 339; and Fla.Jur., New Trials, §§ 90-92.
The rule, often quoted, was stated in De La Vallina v. De La Vallina, 1926, 90 Fla. 905, 107 So. at 339, as follows:
“In requiring the entry of a remittitur to correct an excessive verdict or judgment, the general rule seems-to be that the amount of the excess must clearly appear from the record, and then, if on the whole showing made by the record it appears that the damages awarded by the jury are excessive, the court may require a remittitur for the amount of the excess on condition that the judgment stand for the balance, otherwise a new trial will be granted.”
The trial court in its order requiring re-mittitur stated in part:
“In arriving at the amount of $18,000 the jury would have necessarily have had to indulge in speculation and conjecture as to the plaintiff’s losses suffered as a result of the defendant’s failure to perform. Even though the damages found by the jury were excessive still there was sufficient proof to support a verdict in the amount of $10,000.00.”
We have carefully considered the voluminous testimony contained in the record-on-appeal, in addition to the briefs filed in this cause. The record clearly shows that the jury verdict of $18,000 could have been based only on speculation and conjecture. Since the record does sustain an award of $10,000 the trial judge was correct in requiring a remittitur of $8,000.
Affirmed.
PIERCE, Acting C. J., and HOBSON, J., concur.
PHILLIPS, CHARLES M., Associate Judge, dissents with opinion.