LETTS, Judge.
This case involves an automobile accident. The plaintiff’s face, arm and shoulder were dragged along the rock imbedded shoulder of a road and his face, at that time, turned into a pulp. The case was tried before a jury and a verdict returned in the sum of $450,000.00. A motion for a new trial and a motion for a remittitur were filed, thereupon the trial judge entered the following Order:
THIS CAUSE CAME on to be heard on Defendants’, BUDGET RENT A CAR OF JACKSONVILLE, INC., SHERRICK ENTERPRISES, INC. and CARRIERS INSURANCE COMPANY’S Motion for Remittitur or in the alternative Motion for New Trial. This Court having sat as trial Judge for four days and said trial being on the issue of damages whereas liability was admitted, this Court was given the opportunity to view all the evidence as to damages and although unwilling to sit as a seventh juror, the verdict was so manifestly excessive so as to shock this Court’s judicial conscience. The Plaintiff impressed the Court with his remarkable recovery after the accident which initially caused serious injuries to the plaintiff. This Court considered all past and prospective medical expenditures which were approximately $15,000.00 as well as the testimony of all witnesses. The plaintiff at trial demonstrated the fact that he has adjusted well to the minimal residual scarring. The plaintiff expressed himself clearly and fully in response to any and all questions. The Plaintiff openly displayed his cosmetic damage which has not affected his excellent scholastic accomplishments and places no impairment on his future or his career. The Court, therefore, being fully advised in all the premises, it is hereby ORDERED and ADJUDGED that this Court finds that the Judgment of $450,-000.00 is excessive, and it is therefore ORDERED and ADJUDGED that unless Plaintiff or his counsel remit the sum of $165,000.00 on the Judgment entered in this case on or before September 1, 1977, the Verdict of the jury be, and the same is hereby set aside and a new trial granted. If Plaintiff or his counsel remit the sum of $165,000.00 on the Judgment entered herein, the Motion for a New Trial will be denied; and in that event, the Clerk of the Court is directed to correct the Judgment here-to-fore entered, or to be entered in this case so as to conform to the amount of the Verdict as herein reduced or to the sum of TWO HUNDRED EIGHTY FIVE THOUSAND ($285,-000.00) DOLLARS.
DONE and ORDERED in Chambers at Palm Beach County, Florida this 27th day of July, 1977.
*1199 The plaintiff refused the remittitur and a new trial was ordered. We affirm.
This is a perplexing case and we were much persuaded by Judge Green’s dissent. However the Judge’s order required either, that the plaintiff accept the remittitur, or a new trial would be granted. As such we feel this cause should be affirmed on the basis of Weems v. Dawson, 352 So.2d 1196 (Fla. 4th DCA 1977) cert. den. 359 So.2d 1221. As the Court said in Weems :
Applying the LaFleur test to this case, we cannot say the trial court’s order granting appellee a new trial is arbitrary, fanciful, or unreasonable, or that no reasonable man would take the view adopted by the trial court. Accordingly, under the established rules, appellants have failed to demonstrate that the trial judge abused his broad discretion in granting appellee a new trial.
We have read De La Vallina v. De La Vallina, 90 Fla. 905, 107 So. 339 (Fla.1926) and we concede that it states, as a general principle, that the amount of the excess must clearly appear from the record. Applying such a test to the case at bar, it would appear at first blush to mandate reversal. However De La Vallina also noted:
[2] From a study of the foregoing cases, and many others of similar import, it is at once apparent that from the face of the record the amount of the excess cannot always be worked out with a mathematical precision, nor do we think the rule contemplates this. It is, of course, preferable, if capable of being determined to mathematical exactness, but may be arrived at through any process of reasoning actuated and controlled by the facts in the record and guided by an honest, sincere purpose to do justice to both parties to the cause in the light of these facts. The line of demarkation between the province of the court and that of the jury in this, as in all other mixed questions of law and fact, is often difficult to distinguish; but when the trial court has, in line with the rule here announced, authorized a remittitur, his order should not be disturbed, unless it clearly appears that he abused his authority or violated a controlling provision or principle of law.
[3] It is contended here that there is no proper predicate in the record for the remittitur, and that in imposing it the trial court substituted his judgment for that of the jury. It is well settled that this cannot be done except in cases where it is clear that the jury was influenced by prejudice, bias, or other improper influence, but we do not think this rule applies here, because the court did not indicate what amount he would have given had he been on the jury, but only such amount as he would not feel at liberty to pronounce excessive. This seems to be the practice in most of the appellate courts, and we think it is warranted to the end of saving vexatious, expensive, and prolonged litigation. Florida Ry. & Nav. Co. v. Webster, supra.
[4] Plaintiff in error seeks reversal of an order granting a new trial on condition that the remittitur is not entered. A stronger showing is required to reverse an order allowing a new trial than to reverse one denying it. Ruff v. Georgia, S. & F. R. Co., 64 So. 782, 67 Fla. 224; Aberson v. Atlantic Coast Line R. Co., 67 So. 44, 68 Fla. 196; Carney v. Stringfellow, 74 So. 866, 73 Fla. 700.
It is incumbent on plaintiff in error to make it clearly appear that in granting a new trial on condition that the remittitur was not entered the trial court abused the discretion imposed upon him, and that his award was patently excessive. Careful examination of the record does not disclose such abuse of discretion, or that the suggested remittitur was patently excessive, so the judgment below is affirmed. Pensacola Sanitarium v. Wilkins, 67 So. 124, 68 Fla. 447.
We hold this quote to be applicable to the case at bar and hereby adopt it.
AFFIRMED.
ANSTEAD, J., concurs.
GREEN, ROBERT ALEXIS, Jr., Associate Judge, dissents with opinion.