DANIEL S. PEARSON, Judge.
Kathryn Malpass, a fifty-five-year-old woman, slipped and fell on the premises of the Park Shores Apartments sustaining a fracture of all three ankle bones.[1] The immediate effects of her injury were that she was hospitalized for ten days, immobilized in a full leg cast for six weeks, and rendered unable to care for her totally disabled husband, Alvin. The long range and permanent effects were a ten per cent disability of the ankle, continued pain, muscle atrophy, swelling, and a limp. Kathryn’s life expectancy at the time of trial was 24.3 years.
The jury awarded Kathryn $75,000 and Alvin $10,000 on his derivative claim. It found the defendant Lincoln Day Holding Company, the owner of the apartment house premises, to be ninety per cent at fault, thus making the net amount to be recovered by the Malpasses $76,500.
The trial court, finding the $75,000 verdict rendered in favor of Kathryn excessive “to that degree that it shocks the judicial conscience of this court,” ordered Kathryn to remit from the verdict the amount of $35,000.[2] Kathryn refused, and a new trial was ordered. It is from that order that the Malpasses appeal.
*1043 In compliance with the dictates of Wackenhut Corporation v. Canty, 359 So.2d 430 (Fla.1978), the trial court articulated the reasons purporting to support its order of remittitur. The problem, as we see it, is that the reasons stated by the trial court support instead the jury’s verdict.
The order of the trial court concedes, inter alia, that the evidence “clearly established”[3] that Kathryn Malpass suffered a ten per cent permanent disability of the ankle, that the plaintiff’s normal activities were permanently impaired at least to the extent that she could no longer walk long distances, and that the plaintiff was left with a limp.[4] In effect, then, the trial court found preponderant evidence from which a reasonable jury could conclude that Kathryn Malpass suffered a bodily injury which did in the past and would in the future (for a projected 24.3 more years) cause pain and a diminution in the full capacity to enjoy life, and which would leave Kathryn Malpass with a limp.
Thus, neither the trial court’s order, nor the record, affirmatively demonstrates that the verdict was against the manifest weight of the evidence.[5] We must conclude, therefore, that the trial court improperly sat as a seventh juror and, simply disagreeing with the size of the verdict, exercised a veto power over it. This a court cannot do. Wackenhut Corporation v. Canty, supra; Laskey v. Smith, 239 So.2d 13 (Fla.1970); Corbett v. Seaboard Coastline Railroad Company, 375 So.2d 34 (Fla.3d DCA 1979). While the size of the verdict may have raised the trial court’s judicial eyebrow, Wackenhut Corporation v. Canty, supra, or may even raise ours, we cannot say with any assuredness that the verdict exceeded the limits of the reasonable range so as to shock the judicial conscience.[6] See Wackenhut Corporation v. Canty, supra; Corbett v. Seaboard Coastline Railroad Company, supra. Perhaps another jury would have been less or more generous. The law, however, recognizes a reasonable latitude for inconstancy of result in the performance of juries. Laskey v. Smith, supra. Since our system permits, indeed requires, the jury to place a value on intangibles such as pain and suffering or disfigurement,[7] Corbett v. *1044 Seaboard Coastline Railroad Company, supra, we must expect that similar cases will result in dissimilar verdicts. Allred v. Chittenden Pool Supply, Inc., 298 So.2d 361 (Fla. 1974).
The verdict in the present case bears a reasonable relationship to the damages proved and the injury sustained, and the trial court abused its discretion in disturbing it. Accordingly, we reverse the trial court’s order granting a new trial. We remand the case to the trial court with directions that it reinstate its final judgment of September 11, 1979, entered on the jury verdict.
Reversed.

. In medical terminology, a trimalleolar fracture.

. No remittitur was ordered in respect to the verdict in favor of Alvin Malpass.

. This is not merely a finding of “competent and substantial” evidence to support the verdict. Instead, it is in effect a finding that the manifest weight of the evidence showed the existence of these facts. See Cloud v. Fallis, 110 So.2d 669 (Fla.1959). Indeed, the trial court’s remittitur order fixes the appropriate recovery for Mrs. Malpass at $40,000. Since the recoverable out-of-pocket expenses were approximately $5,200, it is apparent that the trial judge would himself have awarded a substantial recovery for pain, suffering, and permanent impairment.

. The order does not make mention of continued pain, but the record supports this.

. The trial court did not find that the jury was influenced by considerations outside the record. In such a case, the trial court’s findings to that effect would be entitled to greater credit “because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based.” See Cloud v. Fallis, supra. But where the reason advanced for setting aside a jury’s verdict is that it is against the manifest weight of the evidence, the trial judge’s position is much like ours. In either case, to set aside the trial court’s order we must find a gross abuse of discretion, but in the latter case, we may more readily rely upon the cold record.

. Based solely upon Mrs. Malpass’s life expectancy and the conceded fact of a permanent limp and pain, Mrs. Malpass would receive less than $3,000 a year during her projected remaining years or $7.00 to $8.00 a day.

. The trial court instructed the jury that it could award damages based, inter alia, upon:
“. . the total amount of loss, injury, or damage . . . sustained as a result of the incident complained of, including any such damage as Mrs. Malpass is reasonably certain to incur or experience in the future. You shall consider the following elements: Any bodily injury sustained by Kathryn Mal-pass and any resulting pain and suffering, disability, disfigurement, mental anguish and loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future. . . There is no standard for fixing the compensation to be awarded for this type of injury.

“If the greater weight of the evidence shows that Mrs. Malpass has been permanently injured, you may consider her life expectancy.
See Fla. Std. Jury Instr. (Civ.) 6.2(a), 6.9(a).