426 So.2d 1011 (1983)
Peggy REYNOLDS, Appellant,
v.
TOWNE MANAGEMENT OF FLORIDA, INC., d/b/a Spanish Oaks Apartments, Appellee.
No. 82-533.
District Court of Appeal of Florida, Second District.
January 12, 1983.
Rehearing Denied February 21, 1983.
*1012 John R. Bush of Bush, Ross, Gardner, Warren & Rudy, Tampa, for appellant.
Thomas J. Roehn and James A. Gresser of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellee.
SCHEB, Judge.
A jury awarded plaintiff, Peggy Reynolds, $31,000 damages against her landlord for its conversion of her personal property and denied the landlord's counterclaim for rent. The trial court ordered a remittitur reducing the plaintiff's award to $5,000 or in the alternative requiring a new trial. Reynolds declined to accept the remittitur and filed this appeal challenging the trial court's order. We reverse.
Reynolds leased an apartment from defendant. When a monthly rent check was returned for insufficient funds, defendant landlord served a three-day delinquent rent notice requiring Reynolds to pay the rent or quit and deliver possession of the premises. The notice indicated that, if she failed, legal proceedings would be instituted to recover possession of the premises. However, despite the fact that Reynolds did not abandon the premises, the landlord failed to initiate any formal eviction proceedings. Instead, while she was away from her apartment, the landlord employed self-help to remove her possessions. In doing so it failed to safeguard them, and as a result her effects were discarded. Reynolds then brought this action against the landlord seeking damages for conversion of her property.
The case was tried by jury with plaintiff and defendant each producing several witnesses and exhibits. Reynolds, however, was the only witness who testified as to the value of her property. She explained that she kept three sets of furnishings in her apartment. She described in detail her personal belongings, which included antiques, heirlooms, art objects and other items. Basing her estimate on various factors including purchase price and replacement costs, as well as the value of her possessions to herself, she arrived at a total value of $30,988.50. Defendant interposed several objections to the admissibility of Reynolds' testimony regarding her ability to testify as to the value of her effects. These were overruled, yet the defendant offered no evidence on the issue of value. After returning its verdict for plaintiff, the jury was polled at defendant's request and responded that it found plaintiff had never abandoned her apartment. A series of post-trial motions were filed by defendant after which the court entered its order which plaintiff now challenges.
The trial court stated three reasons for its decision ordering either a remittitur or a new trial: (1) the amount of the jury verdict was not reasonably related to the damages actually proven, (2) the verdict was contrary to the manifest weight of the evidence, and (3) the verdict was so excessive as to shock the conscience of the court. Since the court ordered a remittitur, we perceive it concluded only that the damages awarded were excessive, and not that Reynolds failed to establish the landlord's liability.
Before a trial court may order a new trial as an alternative to remittitur, the record must affirmatively show the impropriety of the verdict or there must be an independent determination that the jury was influenced by considerations outside the record. Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978). The court has a duty to grant a new trial where it determines that the verdict is against the manifest weight of the evidence. Such a determination, however, must be supported by the record. Cloud v. Fallis, 110 So.2d 669 (Fla. 1959). Further, as our supreme court has noted, when a court orders a remittitur the extent to which the verdict is excessive must also clearly appear from the record. De La Vallina v. De La Vallina, 90 Fla. 905, 107 So. 339 (1926).
*1013 Here, Reynolds was the only person to testify on the value of her belongings. No conflicting testimony was offered. The record simply does not support the trial court's conclusion that the verdict was not reasonably related to the damages actually proven and was against the manifest weight of the evidence. Rather, the trial court's order seems to merely reflect that the court was dissatisfied with the amount of the verdict.
While a trial court has broad discretion in awarding a new trial and such orders are not disturbed absent a clear showing of abuse of discretion, Cloud v. Fallis, such orders must nevertheless be supported by the record or by findings of influence outside the record. Here, however, there was no conflicting evidence on the issue of value, nor was there any determination that the jury was influenced by considerations outside the record. Thus, we think the court abused its discretion in concluding that the verdict was not reasonably related to the damages proven and was against the manifest weight of the evidence.
We note that this is not a case where the trial court determined that it erred in admitting the testimony on which the jury based its award of damages. The trial judge, we think, was correct in receiving plaintiff's testimony because where personal effects have been destroyed the court must apply a test that will allow such evidence of value as will enable a jury to reasonably compensate the person wronged. Florida Public Utilities Co. v. Wester, 150 Fla. 378, 7 So.2d 788 (1942). Moreover, since the property was discarded by defendant no expert testimony was available, and it is doubtful that any additional evidence of value could be offered if a new trial were held.
Finally, we do not feel it necessary to discuss the third reason articulated by the trial court as a ground for its order. Wackenhut implicitly held that shock to the judicial conscience is no longer a viable standard on which to grant a new trial as to damages.
Accordingly, we reverse and direct the trial court to enter a judgment for Reynolds in accordance with the jury's verdict.
GRIMES, A.C.J., and RYDER, J., concur.