570 So.2d 1140 (1990)
Carolyn BURTLESS, Appellant,
v.
Alejandro Damian PALLERO and Antonio Manago, Appellees.
No. 90-0261.
District Court of Appeal of Florida, Fourth District.
December 12, 1990.
David J. Weiss of Parrillo, Weiss & O'Halloran, Miami, for appellant.
E. Earl Edenfield, Jr. of Hill, Neale and Riley, Fort Lauderdale, for appellees.
FENNELLY, JOHN E., Associate Judge.
The appellant, plaintiff below, appeals the trial court's dismissal of her complaint with prejudice. We affirm in part and remand to the trial court for further action.
Appellant's auto was totally destroyed as a result of a collision with the vehicle driven by appellee, Alejandro Pallero, and owned by appellee, Antonio Manago. In her complaint, appellant sought to recover the difference between the value of the vehicle on the date of the accident and the remaining balance on the car loan for the vehicle, approximately $2,368.00.
It is, of course, well established that the appropriate measure of damages for total loss of personal property is the property's value on the date of loss. McDonald Air Conditioning, Inc. v. John Brown, Inc., 285 So.2d 697 (Fla. 4th DCA 1973). This rule of recovery was only recently reaffirmed in Polyglycoat v. Hirsch Distributors, Inc., 442 So.2d 958 (Fla. 4th DCA 1983). The trial court action in dismissing appellant's complaint with prejudice as to the balance on the car loan was eminently correct and is affirmed.
Appellees concur that appellant is entitled to recover for the deductible amount of her insurance policy, i.e., $500.00. This action is remanded to the trial court for action not inconsistent with this opinion.
AFFIRMED and REMANDED.
ANSTEAD and STONE, JJ., concur.