WARNER, Judge.
This is an appeal from a final judgment after appellee accepted a remittitur. Appellant claims that the court erred by ordering a remittitur of less than the speculative economic testimony admitted. We agree and reverse the judgment in this case and remand for a new trial on damages.
The appellant had made a motion for remittitur or new trial on the grounds that the expert economist’s testimony admitted at trial as to future lost earnings and future medical expenses of appellee was based on speculation. The appellant claimed that the trial court’s failure to strike the testimony, as requested at trial, was harmful error resulting in an excessive verdict. Thé economist testified that the present value of the future lost wages and future medical was nearly $500,000. The jury awarded $1,104,000. In its order granting the remittitur the court agreed that the motion should be granted, concluding that the economist’s testimony was indeed based on speculation and that the jury was led into error by the testimony. However, the trial court required a remittitur of only $104,000 or alternatively a new trial. The appellee accepted the remittitur instead of the new trial, and appellant filed this appeal.
While trial courts are accorded considerable discretion in ruling on motions for remittitur and/or new trial, Zambrano v. Devanesan, 484 So.2d 603 (Fla. 4th DCA 1986), when ordering a remittitur, the amount of the excess must be clearly determinable from the facts of record. Orlando Executive Park, Inc. v. P.D.R., 402 So.2d 442 (Fla. 5th DCA 1981), approved 433 So.2d 491 (Fla.1983). Here the trial court concluded that the economist’s testimony was speculation, that the appellee suffered no loss of future earnings, and that the future medical expense projections were against the manifest weight of the evidence. Yet the trial court inexplicably granted a remittitur of only $104,000 when the testimony before the jury was that these elements of damage approximated $500,000. The court did not explain the reason for remitting only $104,000. To that extent the order was deficient. See Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978); Zambrano v. Devanesan. Our review of the record reveals no support for what the trial court did. An abuse of dis *1141 cretion is shown where the record lacks support for the remittitur ordered by the trial court. Wackenhut.
We agree with the trial court that the testimony of the economist was speculative as to future damages. His opinions were not supported by evidence in the record. Therefore, the evidence was erroneously admitted. See Kelly v. Kinsey, 362 So.2d 402 (Fla. 1st DCA 1978). In the court’s order granting remittitur and conditionally granting new .trial he concluded that the jury was improperly influenced by the testimony, and the record amply supports this conclusion by the mere fact that the speculative testimony could account for half of the jury verdict. Thus, the trial court did not abuse its discretion in granting a new trial.
Consequently, we reverse the amended final judgment and remand for a new trial on damages only. In all other respect we affirm the trial court.
Affirmed in part, reversed in part and remanded.
ANSTEAD, J., concurs.
STONE, J., dissents with opinion.