CAMPBELL, Judge.
Appellants, E.B. Rood and R. Bruce McLaughlin, challenge the dismissal with prejudice of certain counts of their third amended complaint and the dismissal with prejudice of their entire fourth amended complaint. We affirm in part and reverse in part.
Appellants Rood and McLaughlin own adjacent parcels of land in Oldsmar. Appellants’ actions against appellee, the city of Oldsmar (Oldsmar), arise out of appellants’ unsuccessful attempts to develop their properties in accord with Oldsmar’s and other governmental entities’ regulations. Since this appeal may be disposed of on procedural grounds, we need not relate the rather complicated facts set forth by appellants in their attempt to allege a cause of action against Oldsmar.
When appellants were unable to develop the property as they desired, they filed their original complaint consisting of nine counts against Oldsmar and other individual defendants who are not parties to nor affected by this appeal. An amended complaint was then filed in response to defensive motions by two of the individual defendants. The amended complaint again consisted of nine counts contained in 168 numbered paragraphs and thirty-eight pages. Oldsmar filed a motion to dismiss all nine counts of the amended complaint on February 19, 1993. The initial trial judge, based on a stipulation of the parties, dismissed with prejudice Counts IV, V, and IX of the amended complaint. The trial judge also, on the basis of Oldsmar’s motion to dismiss, dismissed Counts I, II, III, VI, VII and VIII with leave to file a second amended complaint.
Appellants, on March 16, 1993, filed a narrative-type, second amended complaint containing eleven counts in 261 numbered paragraphs and fifty-five pages. Thereafter, on August 9, 1993, the initial trial judge specifically found that Counts I, III, V and XI of the second amended complaint adequately stated causes of action against Oldsmar. That order also dismissed with leave to amend, according to specific directions by the trial judge, Counts II, IV, VI, VII, VIII, IX and X.
Appellants, on August 27, 1993, filed a third amended narrative-type complaint, this time consisting of twelve counts contained in 298 separately-numbered paragraphs and *565 sixty-three pages. Counts I, II, IV and XII of the third amended complaint alleged the same causes of action as Counts I, III, V and XI of the second amended complaint. A newly assigned trial judge again denied Olds-mar’s motion to dismiss those counts.
Oldsmar’s motion to dismiss Counts III, V, VII, VIII, IX, X and XI of the third amended complaint was granted, and those counts were dismissed with prejudice. Count VI of the third amended complaint was dismissed without prejudice, and appellants were again granted leave to amend consistent with directions by the trial judge. Moreover, the trial judge ordered appellants to replead in a fourth amended complaint “in compliance with Rule 1.110,” those counts previously found to allege a valid cause of action.
On July 19, 1994, appellants filed their fourth amended complaint which contained seven counts in 155 separately-numbered paragraphs and thirty-six pages. Counts I, II, III and VI of this fourth amended complaint alleged the same causes of action as Counts I, III, V and XI of the second amended complaint and Counts I, II, IV and XII of the third amended complaint, which had previously been held to adequately state valid causes of action. The second trial judge, on the basis of Oldsmar’s motion to dismiss, entered an order that dismissed with prejudice appellants’ entire fourth amended complaint. In doing so, the judge found as follows:
This Court, by Order dated June 17, 1994, granted part of the City of Oldsmar’s Motion to Dismiss the Third Amended Complaint and directed Plaintiffs to comply with Rule 1.110(b), Fla.R.Civ.P., in filing a Fourth Amended Complaint. In defiance of this Court’s Order, the Plaintiffs’ Fourth Amended Complaint not only fails to comply with Rule 1.110(b), but has re-pled counts which were dismissed by the Court with prejudice in the June 17, 1994 Order. Moreover, the Plaintiffs’ amended complaint has raised new causes of action without leave of court. Based upon the Plaintiffs’ continued noncomplianee or disregard with the Orders of this Court, the Court finds involuntary dismissal of this action is warranted.
While we are not unmindful of the trial judge’s justifiable frustration at the failure of appellants to more properly plead in accordance with the Rules of Civil Procedure, we conclude that dismissal with prejudice is too severe a sanction in regard to those counts of appellants’ complaint that twice previously were found to adequately state valid causes of action. Appellants were both pro se. While appellant Rood is a lawyer previously admitted to practice law in Florida, appellant McLaughlin is not educated in the law. Our supreme court in Wilson v. Lee Memorial Hospital, 65 So.2d 40, 41 (Fla.1953), held in this regard as follows:
It is well to require the complaint to state a cause of action, but that done, it should never be overthrown by technical impediments that do not go to the merits of the cause. Whether the technical impediment be a rule or statute is not material. It is certain that the makers of the constitution did not intend that one injured in “lands, goods, person or reputation” be deprived of a right of action.
We, therefore, reverse the dismissal with prejudice of Counts I, II, III and VI of appellants’ fourth amended complaint (Counts I, III, V and XI of the second amended complaint and Counts I, II, IV and XII of the third amended complaint). We otherwise affirm the dismissal of appellants’ fourth amended complaint.
Affirmed in part, reversed in part and remanded.
DANAHY, A.C.J., and SCHOONOVER, JJ., concur.