GUNTHER, Chief Judge.
Appellants, Raymond and Barbara Carye, plaintiffs below (the Caryes), appeal a final judgment rendered in favor of the appellee, Boca Raton Hotel and Club Limited Partnership (the Boca Hotel). Additionally, the Boca Hotel cross-appeals the trial court’s determination that damages could be awarded for the sentimental value of the Caryes’ stolen jewelry. We affirm all issues raised by the Caryes and write only to address the issue raised by the Boca Hotel.
In January 1991, the Caryes embarked on an around-the-world cruise scheduled to last six months. Planning for the numerous social events on the cruise, the Caryes packed jewelry that they had accumulated throughout their forty-eight year marriage. However, one week into the cruise, the Caryes disembarked the ship due to the uncertainty of travel in the Middle East as a result of the Persian Gulf War.
Eventually, the Caryes arrived at the Boca Hotel wherein the Caryes placed their jewelry in an in-room safe. Approximately one *1021 month into their stay at the Boca Hotel, the Caryes noticed, upon returning to their room, that the in-room safe was opened and exposed. Upon a closer examination, Mrs. Carye realized that the safe was empty except for a single earring. The fair market value of the missing jewelry, according to the Caryes, was $156,470.
As a result of the foregoing, the Caryes filed a three count complaint against the Boca Hotel sounding in negligence, breach of fiduciary duty and statutory theft. The cause proceed to trial on the negligence and fiduciary duty counts, at which the trial court correctly granted a directed verdict in favor of the Boca Hotel on the latter. Accordingly, the jury was instructed only on negligence and damages. Over the Boca Hotel’s objection, jury instructions and a verdict form were utilized that allowed the jury to award damages for the sentimental value of the jewelry in addition to fair market value. Eventually, the jury returned a verdict in favor of the Boca Hotel, finding no negligence on behalf of the hotel, which was the legal cause of the Caryes’ loss.
Although we affirm the main appeal, we address the trial court’s determination permitting the jury to utilize sentimental value as a method of determining damages. The central policy of all tort law is to place a person in a position nearly equivalent to what would have existed had the defendant’s conduct not breached a duty owed to the plaintiff thereby causing injury. Kush v. Lloyd, 616 So.2d 415, 424 (Fla.1992). Accordingly, the proper measure of damages for the loss of personal property is the fair market value of the property on the date of the loss. Burtless v. Pallero, 570 So.2d 1140 (Fla. 4th DCA 1990). Reasonably, therefore, lost jewelry should ordinarily be valuated at its fair market value on the date of the loss. See Campins v. Capels, 461 N.E.2d 712 (Ind.Ct.App.1984).
Periodically, however, fair market value is an unjust measure of damages for an injured plaintiff. In Florida Pub. Utils. Co. v. Wester, 150 Fla. 378, 7 So.2d 788 (1942), the supreme court recognized an exception to fair market valuation when the fair market value would be impossible or manifestly unjust to assess. Specifically, in addressing the valuation of destroyed china, pictures and inherited furniture, the supreme court stated:
It is often impossible to place what is a current market value on such articles but the law does not contemplate that this be done with mathematical exactness. The law guarantees every person a remedy when he has been wronged. If the damage is to personal property as in this case, it may be impossible to show that all of it had a market value. In fact it may be very valuable so far as the owner is concerned but have no value so far as the public is concerned. It would be manifestly unfair to apply the test of market value in such cases.
Wester, 7 So.2d at 790. More recently, this court determined that the measure of damages for the loss of personal property is market value on the date of the loss and if the item has no market value, such as heirlooms, other sources must be used to determine value. McDonald Air Conditioning, Inc. v. John Brown, Inc., 285 So.2d 697, 698 (Fla. 4th DCA 1973) (loss of two welding machines).
In the instant case, the missing jewelry obviously possessed sentimental value, as it was accumulated over forty-eight years of marriage and included engagement rings, wedding bands and anniversary presents. However, the jewelry also had a significant market value; the Caryes’ own expert testified that the missing items were worth $156,470. Because the burden of proving damages rests with the plaintiff, we conclude that in a situation where the lost property has both a market value and sentimental value, as is the case here, the burden again rests with the plaintiff to prove that market valuation would be manifestly unfair. See Loftin v. Wilson, 67 So.2d 185 (Fla.1953) (plaintiff who seeks damages for personal injuries must present proof affording a basis for a reasonable estimate of the amount of loss); Campins, 461 N.E.2d at 720 n. 1 (burden of establishing lack of market value rests with plaintiff). In the instant case, the Car-yes failed to prove that the fair market value of the jewelry would not fully compensate *1022 them or that the assessment of fair market valuation would be manifestly unfair. As such, the trial court should not have admitted testimony of, and instructed the jury on, the sentimental value of the missing jewelry. However, because the jury returned a verdict in the Boca Hotel’s favor, any error committed by the trial court was harmless. See § 59.041, Fla. Stat.(1995).
AFFIRMED.
SHAHOOD, J., and PATTI ENGLANDER HENNING, Associate Judge, concur.