WARNER, J.
Appellant challenges the trial court’s order granting a remittitur of a jury verdict or a new trial. She claims that the court’s order did not support a remittitur. We disagree and affirm. Appellee cross-appeals the denial of its motion for directed verdict, which we also affirm.
*687 At the time of the trial of this case, the appellant, who died during the pendency of this appeal, was 82 years old. She fell in her condominium parking lot and suffered a broken wrist and some face lacerations. At trial, the testimony centered on liability. No medical testimony was offered. Her medical records were received in evidence. Appellant testified regarding her injuries but did not testify much at all about her discomfort, either at the time or currently. She had surgery on her wrist and then went to physical therapy for two years. She said that her wrist continued to bother her, and she could not do tasks such as cutting vegetables, but she was coping. No life expectancy tables were introduced. In closing, the appellant’s attorney concentrated on liability and scarcely mentioned damages, asking the jury to use its judgment to determine the amount. The jury awarded appellant medical expenses and $300,000 in past and future pain and suffering. On motion for remittitur or new trial, the trial court remitted her non-economic damages to $150,000 based upon the court’s finding that the plaintiffs evidence on pain and suffering was scant and not in support of such an award.
Section 768.74, Florida Statutes, provides the criteria for determining exces-siveness or inadequacy of a verdict:
(5) In determining whether an award is excessive or inadequate in light of the facts and circumstances presented to the trier of fact and in determining the amount, if any, that such award exceeds a reasonable range of damages or is inadequate, the court shall consider the following criteria:
(a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact;
(b) Whether it appears that the trier of fact ignored the evidence in reaching a verdict or misconceived the merits of the case relating to the amounts of damages recoverable;
(c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation and conjecture;
(d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered; and
(e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.
(6) It is the intent of the Legislature to vest the trial courts of this state with the discretionary authority to review the amounts of damages awarded by a trier of fact in light of a standard of ex-cessiveness or inadequacy. The Legislature recognizes that the reasonable actions of a jury are a fundamental precept of American jurisprudence and that such actions should be disturbed or modified with caution and discretion. However, it is further recognized that a review by the courts in accordance with the standards set forth in this section provides an additional element of soundness and logic to our judicial system and is in the best interests of the citizens of this state.
(emphasis added).
The appellate court reviews a trial court’s determination of whether a damage award is excessive, requiring a remittitur or a new trial, under a clear abuse of discretion standard. Aills v. Boemi, 41 So.3d 1022, 1027 (Fla. 2d DCA 2010).
While appellant relies on Adams v. Saavedra, 65 So.3d 1185 (Fla. 4th DCA 2011), for reversal, each injury case is different, and injuries have different effects on different people. See Aills, 41 So.3d at 1028. In Adams, we reversed the order of remittitur because the record did *688 not support the findings made in the order of remittitur. 65 So.3d at 1189. In this case, however, we conclude that the record does support the findings made by the trial court that the evidence of the plaintiffs noneconomic damages was scant and could not support non-economic damages of the size the jury awarded. As noted, the appellant offered only her own testimony regarding non-economic damages. She did not describe her injuries other than to say that she was in a temporary cast, had surgery on her wrist, and at the time of trial her wrist hurt. She had difficulty doing some tasks, such as cutting some fruits and vegetables. . There were less than two pages of testimony concerning all of her injuries. Even with her age, and considering the impact of injury on an elderly person, we cannot conclude that the trial court’s findings on remittitur were not supported by competent, substantial evidence or that the court abused its discretion.
The Legislature has vested trial courts with discretionary authority to review jury verdicts based upon set criteria in order to provide an additional measure of soundness and logic to the judicial system. See § 768.74(6), Fla. Stat. The trial court exercised its authority in this case. We find no clear abuse of discretion.
On cross-appeal, the appellee argues that the trial court erred in denying its motion for directed verdict. We affirm without further discussion the trial court’s order which concluded that there was sufficient evidence of negligence for the claims to be submitted to the jury.

Affirmed.

DAMOORGIAN and CONNER, JJ., concur.