DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEFFREY P. ARNOLD** and **TINA ARNOLD,**
Appellants,

v.

**SECURITY NATIONAL INSURANCE COMPANY,**
Appellee.

No. 4D13-0061

[September 16, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 312010CA073563.

Philip M. Burlington and Adam J. Richardson of Burlington & Rockenbach, P.A., West Palm Beach, and Brian J. Connelly of Gould Cooksey Fennell, P.A., Vero Beach, for appellants.

Rosemary B. Wilder of Marlow, Adler, Abrams, Newman & Lewis, Coral Gables, for appellee.

CONNER, J.

Jeffrey P. Arnold appeals the trial court order reducing the jury awards for past and future pain and suffering against Security National Insurance Company ("Security") by a total of $996,000.[1] We reverse the order because the record fails to identify or explain what establishes the need and appropriate amount for a remittitur. We remand for a further determination by the trial court on the issue of remittitur.

---

[1] Arnold's wife is also an appellant, but we craft our opinion with reference to only Jeffrey Arnold to facilitate easier reading.

*Factual Background and Trial Court Proceedings*

Arnold sued Security, his uninsured motorist carrier, after being injured in a car accident. His coverage was limited to $100,000.[2] Arnold alleged that he suffered physically, emotionally, and financially as a result of the uninsured driver's negligence.

At trial, Arnold produced expert testimony to support his claims for past and future medical expenses related to a herniated disc caused by the accident.[3] He also produced evidence in support of his claims for past and future pain and suffering. The specific evidentiary contention that frames most of the arguments on appeal revolves around whether, in the future, Arnold will either have to (1) undergo a disc fusion surgery or (2) endure a life of pain, if the microdiscectomy surgery that was scheduled to occur shortly after trial was not substantially successful.

Regarding the need for future medical treatment, Arnold's expert testified that Arnold needed the microdiscectomy surgery. The expert further testified on direct examination that "[t]he majority of patients after the [microdiscectomy] surgery have most resolution of their symptoms, but a substantial number may go on to have either persistent pain or recurrent pain at that level or even a recurrent herniation, and that will require future surgical treatment." The expert also testified that the future surgical treatment needed to address a recurrent herniation would be a disc fusion surgery. However, on cross-examination, the expert admitted:

> Q. We don't know what is going to happen to Mr. Arnold?
> A. No, we don't.
> Q. You don't know if he's going to need an additional surgery at all, do you?
> A. That's correct.

---

[2] By separate order, we have denied Security's motion to dismiss this appeal on the grounds that the $100,000 limitation on coverage makes this appeal moot. *See GEICO Gen. Ins. Co. v. Paton*, 150 So. 3d 804, 807 (Fla. 4th DCA 2014) (holding that a jury verdict in excess of policy limits fixes the amount of damages in a first-party bad faith action); *Lund v. Dep't of Health*, 708 So. 2d 645, 646 (Fla. 1st DCA 1998) (citing *Godwin v. State*, 593 So. 2d 211, 212 (Fla. 1992)) ("A generally recognized exception precluding dismissal of an otherwise moot case occurs in situations wherein collateral legal consequences affecting the rights of a party may flow from the issues to be decided.").

[3] Security's defense was that Arnold's physical condition was caused by previous injuries or normal degenerative processes.

After deliberating, the jury returned a verdict awarding damages in the following amounts:

| | |
|---|---|
| Past Medical Damages | $ 26,413 |
| Future Medical Damages | $126,000 |
| Past Lost Earnings | $ 35,000 |
| Past Pain and Suffering | $500,000 |
| Future Pain and Suffering | $800,000 |

This amounted to a total award of $1,487,413.

Post-trial, Security filed a motion for new trial and a motion for remittitur. Both motions were predicated in part on the contention that the award of future medical expenses for a disc fusion surgery was based on speculative evidence. Security argued, post-trial, that Arnold's expert testimony supported an award of only $30,000 for future medical expenses, representing the cost of a microdiscectomy surgery and not the cost of a disc fusion surgery.

The trial court denied the motion for new trial, but granted the motion for remittitur, stating:

> D. The Plaintiff's treating physician testified that the discectomy being planned at a cost of approximately $30,000 was to resolve his symptoms. Evidence of a Plaintiff's pain and suffering over the last three years was limited and the Plaintiff was able to work full-time and resume his normal activities. Any surgeries after the discectomy and expenses related thereto were merely speculative. The jury speculated on the future optional surgery and as a result, the future medical expenses are excessive. Thus, the future medical expenses award should be remitted to $30,000 (not $126,000).
>
> E. In light of the testimony, the verdict and all of the facts and circumstances of this case, the Court finds that the noneconomic damages were not within a reasonable range of damages for the Defendant's injury and were indicative of prejudice or passion or misconception of the merits of the case and the amount does not bear a reasonable relation to the amount of damages proven and injury suffered by the Plaintiff. The Court further finds that the amount awarded is not supported by the evidence and could not be adduced in a logical manner by reasonable persons and after carefully

considering the criteria set forth in Section 768.74(5), finds the noneconomic damages were excessive and should be remitted.

In total, the trial court granted remittitur in the amount of $996,000 as follows:

| Category | Jury Award | Amount After Remittitur |
|---|---|---|
| Future Medical | $126,000 | $30,000 |
| Past Pain & Suffering | $500,000 | $200,000 |
| Future Pain & Suffering | $800,000 | $200,000 |

This, accordingly, reduced the final judgment amount to $491,413. Arnold gave notice he was appealing the grant of remittitur.

*Appellate Analysis*

A trial court's determination that a damage award is excessive and requires a remittitur or a new trial is reviewed under a clear abuse of discretion standard. *Azoulay v. Condo. Ass'n of La Mer Estates, Inc.*, 94 So. 3d 686, 687 (Fla. 4th DCA 2012) (citing *Aills v. Boemi*, 41 So. 3d 1022, 1027 (Fla. 2d DCA 2010)).

Our supreme court has observed that

> [t]here is an element of speculation in most personal injury verdicts, but this is a matter for jury discretion. The court may review their discretion but not the amount awarded unless shown to be clearly arbitrary.

*Sproule v. Nelson*, 81 So. 2d 478, 481 (Fla. 1955). Additionally, the court has written that

> the question of damages is one lodged in the sound discretion of the jury within reasonable bounds, and the findings of a jury in respect to damages will not be disturbed by this Court unless it plainly appears that the verdict was induced by prejudice or passion or some misconception of the law or evidence, or that the jury failed to consider all the elements of the damages involved or the issues submitted.

*Higbee v. Dorigo*, 66 So. 2d 684, 686 (Fla. 1953).

In granting a remittitur or an additur, there is always the concern that the trial court is usurping the function of the jury. What makes the

4

concern more difficult is that "[t]he line of demarkation [sic] between the province of the court and that of the jury in this, as in all other mixed questions of law and fact, is often difficult to distinguish." *De la Vallina v. De la Vallina*, 107 So. 339, 339 (Fla. 1926). Nonetheless, the law is clear that "the trial judge does not sit as a seventh juror with veto power." *Laskey v. Smith*, 239 So. 2d 13, 14 (Fla. 1970); *see also Malpass v. Highlands Ins. Co.*, 387 So. 2d 1042, 1043 (Fla. 3d DCA 1980) ("[T]he trial court improperly sat as a seventh juror and, simply disagreeing with the size of the verdict, exercised a veto power over it. This a court cannot do.").

In discussing the function of the trial court when addressing a motion for remittitur, the court has written:

> In requiring the entry of a remittitur to correct an excessive verdict or judgment, the general rule seems to be that the amount of the excess must clearly appear from the record, and then, if on the whole showing made by the record it appears that the damages awarded by the jury are excessive, the court may require a remittitur for the amount of the excess on condition that the judgment stand for the balance, otherwise a new trial will be granted.

> From a study of the foregoing cases, and many others of similar import, it is at once apparent that from the face of the record the amount of the excess cannot always be worked out with a mathematical precision, nor do we think the rule contemplates this. It is, of course, preferable, if capable of being determined to mathematical exactness, but *may be arrived at through any process of reasoning actuated and controlled by the facts in the record and guided by an honest, sincere purpose to do justice to both parties to the cause in the lgiht [sic] of these facts.*

*De la Vallina*, 107 So. at 339 (emphasis added) (internal citations omitted). More recently, the court has written:

> The problem of determining whether a verdict is excessive is not so subjective as to prevent the formulation of standards to be used in the exercise of the court's power. Nor should judges have the unfettered latitude for decision that might be afforded by the imprecision of the rules that they themselves formulated.

Where recovery is sought for a personal tort, . . . we cannot apply fixed rules to a given set of facts and say that a verdict is for more than would be allowable under a correct computation. In tort cases damages are to be measured by the jury's discretion. The court should never declare a verdict excessive merely because it is above the amount which the court itself considers the jury should have allowed. The verdict should not be disturbed unless it is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate.

*Bould v. Touchette*, 349 So. 2d 1181, 1184-85 (Fla. 1977).

Arnold raises no contention on appeal that the trial court erred in remitting the jury award for future medical expenses down to $30,000. Instead, Arnold contends that the trial court erred in reducing the jury awards for past and future pain and suffering. As to the reduction for past pain and suffering, Arnold argues the record does not support the trial court's finding that (1) there was only limited evidence of Arnold's pain and suffering during the three years preceding trial, and (2) Arnold was able to work fulltime and resume his normal activities. As to the reduction for future pain and suffering, Arnold argues the record does not support the trial court's implied finding that his future microdiscectomy surgery would resolve all of his future pain.

Security argues that we should affirm the trial court because Arnold has failed to demonstrate an abuse of discretion. More specifically, Security argues that an award of $1,300,000 for pain and suffering shocks the judicial conscience and has no rational relationship to the amount of damages proved and the injury suffered. Security also argues that the combination of evidence that the microdiscectomy surgery would relieve Arnold's pain and the need for a fusion surgery was highly speculative, coupled with one hour of jury deliberation resulting in a verdict that mirrors the damages sought by Arnold's closing argument, demonstrates that the jury (1) was motivated by passion or prejudice or (2) based its award on matters outside the evidence or irrelevant matters. Finally, Security contends that the comparison of the total pain and suffering jury award in this case with the pain and suffering awards in three other Florida cases and four out-of-state cases, as argued to the trial court, establishes the reasonableness of the trial court's decision on remittitur.

Section 768.74, Florida Statutes (2013), sets forth the factors for a court to consider when determining whether to grant a remittitur. Section 768.74(5) states:

(5) In determining whether an award is excessive or inadequate in light of the facts and circumstances presented to the trier of fact and in determining the amount, if any, that such award exceeds a reasonable range of damages or is inadequate, the court shall consider the following criteria:

(a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact;

(b) Whether it appears that the trier of fact ignored the evidence in reaching a verdict or misconceived the merits of the case relating to the amounts of damages recoverable;

(c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation and conjecture;

(d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered; and

(e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.

§ 768.74(5), Fla. Stat. (2013).

In addition to the statutory factors to be considered, Florida Rule of Civil Procedure 1.530(f) has been construed to impose a requirement that an order granting remittitur provide "an explanation founded in the record" for the reduction in the jury award. *See Wackenhut Corp. v. Canty*, 359 So. 2d 430, 434 (Fla. 1978) ("[T]o facilitate intelligent appellate review of such orders the reasons which produced the need for the new trial [after the trial court finds remittitur is appropriate] must be set forth in the order."); *Zambrano v. Devanesan*, 484 So. 2d 603, 608 (Fla. 4th DCA 1986) (holding that an order granting new trial if plaintiff did not accept remittitur amount did not comply with Rule 1.530(f) because it failed to provide specific reasons for its decision to reduce the award of punitive damages by a specific amount); *Webb Auto. Distribs., Inc. v. Baxter*, 574 So. 2d 1139, 1140-41 (Fla. 4th DCA 1991) (explaining that an order granting remittitur but failing to explain the reasons for the amount of the remittitur rendered the order "deficient," citing *Wackenhut* and *Zambrano*). Moreover, an order which "contains an incantation of conclusory statements," and merely tracks the language of section 768.74 as reasons for the reduction and does not explain what in the record supports its conclusion for the need and the amount of remittitur is likewise "deficient."

*Zambrano*, 484 So. 2d at 608-09; *Wackenhut*, 359 So. 2d at 434 ("[R]equiring a remittitur without an explanation founded in the record and . . . without stating reasons capable of demonstration in the record or beyond the record (such as influences which aroused the passion and prejudice of the jury), the trial court left the District Court of Appeal to grasp at straws when it reviewed the order.").

Rule 1.530(f) also states that "[i]f such an order is appealed and does not state the specific grounds, the appellate court shall relinquish its jurisdiction to the trial court for entry of an order specifying the grounds." Because the trial court in this case failed to explain what in the record demonstrates the need for remittitur regarding the awards for pain and suffering, and the reason for the amount chosen, we are unable to determine if the trial court's reduction is in accord with the law.

For two reasons, we reject Security's argument that the comparison of pain and suffering awards in other cases shows a basis to affirm the trial court. First, all but one of the comparison cases cited by Security were decided between 1997 and 2003; the 2010 comparison case awarded a much higher amount. The comparison data may be stale or not representative. Second, Security argued to the trial court that the comparison cases showed an average award of $375,000. The transcript of the hearing indicates the trial court may have been contemplating a higher amount than the comparison cases suggested, but the trial court gave no insight as to what factors affected the court's decision to arrive at a total of $400,000. There is nothing in the record or written order that makes it apparent why $200,000 is the appropriate amount, separately, for both *past* and *future* pain and suffering.[4]

There have been instances in which appellate courts have been able to avoid the need for remand for findings of fact and explanations by the trial court because a review of the record on appeal provided a sufficient explanation. *See Fordham v. Carriers Ins. Co.*, 370 So. 2d 1197, 1199 (Fla. 4th DCA 1979); *Hawk v. Seaboard Sys. R.R. Inc.*, 547 So. 2d 669, 672 (Fla. 2d DCA 1989) (suggesting an independent review of the evidence may be a basis to affirm a remittitur where the written order does not state specific findings). However, the record in this case does not allow us to avoid such a remand. Therefore, we reverse the trial court's order and remand the case for entry of an order which contains the necessary findings and

---

[4] Given the number of years between the accident and trial (three years), as compared to Arnold's life expectancy post-trial (Arnold was 38 years old at the time of trial), it seems unusual that one would conclude the amount awarded for pain and suffering for both periods would be equal.

conclusions to support the remittitur of the jury's award for pain and suffering in this case.

*Reversed and remanded with instructions.*

DAMOORGIAN and FORST, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***